## ANDREWS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6024.

United States Court of Appeals Fourth Circuit.

Argued Jan. 12, 1950.

Decided Jan. 28, 1950.

Charles T. Andrews, pro se.

Francis W. Sams, Special Assistant to the Attorney General, (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack and Lee A. Jackson, Special Assistants to the Attorney General, on the brief), for respondent.

Before SOPER and DOBIE, Circuit Judges, and WARLICK, District Judge.

SOPER, Circuit Judge.

This case raises the question whether the taxpayer, who maintained a home for his family in Belmont, Massachusetts, but was a full time employee during the taxable year of the United States Government at Washington, D. C. for the duration of the war, is entitled to deduct living expenses in Washington from his income during the taxable year as ordinary and necessary expenses of his business under Section 23 (a) of the Internal Revenue Code, 26 U.S. C.A. § 23(a).

Charles T. Andrews, the taxpayer, for some years prior to 1941, was an instructor in economics in the Boston University. He lost that position on account of the depletion of the student body caused by the war, and on or about June 20, 1942, accepted a position with the United States Government on a full time basis at Washington, D. C. His original appointment was to a position with the Bureau of Foreign and Domestic Commerce of the Department of Commerce "for an indefinite period to continue for the duration of the war" but he did not acquire a civil service status under the appointment. On October 4, 1943 he was appointed to a position as an economist with the War Shipping Administration in Washington, which was also a war service appointment, and he continued in that employment throughout the taxable year of 1944 and until September 26, 1947.

During his employment in Washington, the taxpayer lived in a rented room and took his meals out. He did not bring his family with him to Washington but maintained them in a previously established home in Massachusetts. In making his income tax return for the year 1944 he claimed deductions for room rent, laundry, excess cost of meals away from home and other miscellaneous items aggregating the sum of $820. The Commissioner disallowed

504

these deductions and the Tax Court sustained his determination.

It is provided by Section 23(a) (1) of the Internal Revenue Code that in computing net income, there shall be allowed as deductions all the ordinary and necessary expenses paid in carrying on any trade or business including "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." This statute has been frequently considered by the courts and it is now established that an expenditure is not deductible unless it is incurred in the pursuit of a trade or business, and that the additional living expenses of a taxpayer at his place of business, who maintains his home elsewhere for reasons of personal convenience, are not deductible as traveling expenses since they are not required by the exigencies of the business but are the result of his own personal choice. Commissioner v. Flowers, 326 U.S. 465, 472, 474, 66 S.Ct. 250, 90 L.Ed. 203; Barnhill v. Commissioner, 4 Cir., 148 F.2d 913, 917, 159 A.L.R. 1210.

The pending case falls into this class. The taxpayer's employment required his presence in Washington, but its purposes were not served by the maintenance of a separate home in Massachusetts or by the resulting increase of the taxpayer's personal expenditures which he now seeks to deduct. While his employment was not permanent in the sense that it was protected by the civil service statue, it was of indefinite tenure and was his only occupation. He was not required to travel and the nature of his work did not require him to be absent from his home. The maintenance of the Massachusetts residence was not required by the exigencies of his business but was motivated by his personal convenience.

A similar conclusion was reached in Ney v. United States, 8 Cir., 171 F.2d 449, with respect to a taxpayer who was president and drew a salary from a business corporation and maintained his family in a home at Fort Smith, Arkansas, but was employed for an indefinite time with the Office of Price Administration and performed the duties of that employment first at Atlanta, Georgia, and later in Washington, D. C.

Affirmed.