**Herman C. FORD and Nellie Ford, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 7030.

United States Court of Appeals Fourth Circuit.

Argued Oct. 12, 1955.

Decided Nov. 3, 1955.

**298**

Arnold Schlossberg, Roanoke, Va., for petitioners.

Kenneth E. Levin, Atty., Department of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Lee A. Jackson, Attys., Department of Justice, Washington, D. C., on brief), for respondent.

Daniel R. Dixon, Raleigh, N. C., on brief for United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of The United States and Canada as amicus curiae.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the Tax Court which denied taxpayers Ford and wife, who filed a joint return, the right to deduct living and travel expenses of Ford for the tax years 1949 and 1950. Ford, who is a superintendent for the Rust Company, has a home in Roanoke, Virginia. The Rust Company obtained a contract to construct a sewage disposal plant and do other work for the American Viscose Company at Front Royal, Virginia; and Ford worked there continuously from December 1948 until early in the year 1951. During this time his wife and two dependents continued to reside in Roanoke while he rented lodgings in Front Royal and went home for week ends. He sought to deduct from his tax returns for 1949 and 1950 the sum of $1820 for lodging and meals for each of those years plus automobile expenses of $1127 for 1949 and $1038 for 1950. With respect to his employment at Front Royal, the Tax Court made the following findings:

"Petitioner has been an employee of Rust Co. continuously since June 1944 although he has never had a written employment contract with his employer. He was employed originally as a subforeman. In April 1946, he was promoted to the position of a piping superintendent. Upon accepting employment with Rust Co., petitioner agreed that he would go to whatever city he was assigned.

"Since petitioner has been a piping superintendent, he has been ordered to various construction jobs. The first was in Gary, Indiana, where he served for 17 months.

"It was understood that Rust Co. might transfer petitioner from one project to another within its discretion and that petitioner should train a supervisor to take over petitioner's duties in the event he should be ordered to another job.

"At the end of 1948, Rust Co. obtained a contract with American

Viscose Company to construct a sewage disposal system and to do other work at the plant of American Viscose in Front Royal, Virginia. Petitioner began his duties in Front Royal on December 20, 1948. He worked there continuously until the early part of 1951. He was told by the general superintendent when he arrived on the job in December 1948, that 12 to 14 months would be required to complete the work for American Viscose."

■■ We think it clear that the Tax Court was correct, under the principles laid down by the Supreme Court in Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 254, 90 L.Ed. 203, in denying the deductions claimed. As said in that case, "Business trips are to be identified in relation to business demands and the traveler's business headquarters. The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors." "The job, not the taxpayer's pattern of living, must require the travel". Carragan v. Com'r, 2 Cir., 197 F.2d 246, 249. See also Barnhill v. Com'r, 4 Cir., 148 F.2d 913, 159 A.L.R. 1210; Bercaw v. Com'r, 4 Cir., 165 F.2d 521; and Andrews v. Com'r, 4 Cir., 179 F.2d 502, 504. In the case last cited this court dealt with the case of a taxpayer employed in Washington who maintained a home in Massachusetts where his family resided. In denying the deduction claimed, the court said:

"It is provided by Section 23(a) (1) of the Internal Revenue Code [26 U.S.C.A. § 23(a)(1)] that in computing net income, there shall be allowed as deductions all the ordinary and necessary expenses paid in carrying on any trade or business including 'traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business.' This statute has been frequently considered by the courts and it is now established that an expenditure is not deductible unless it is incurred in the pursuit of a trade or business, and that the additional living expenses of a taxpayer at his place of business, who maintains his home elsewhere for reasons of personal convenience, are not deductible as traveling expenses since they are not required by the exigencies of the business but are the result of his own personal choice. Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 472, 474, 66 S.Ct. 250, 90 L.Ed. 203; Barnhill v. Commissioner, 4 Cir., 148 F.2d 913, 917, 159 A.L.R. 1210.

"The pending case falls into this class. The taxpayer's employment required his presence in Washington, but its purposes were not served by the maintenance of a separate home in Massachusetts or by the resulting increase of the taxpayer's personal expenditures which he now seeks to deduct. While his employment was not permanent in the sense that it was protected by the civil service statute, it was of indefinite tenure and was his only occupation. He was not required to travel and the nature of his work did not require him to be absent from his home. The maintenance of the Massachusetts residence was not required by the exigencies of his business but was motivated by his personal convenience."

Affirmed.