JAMES E. PEURIFOY, ET AL.,* PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55694, 56074, 56262. Filed October 31, 1956.

*Daniel R. Dixon, Esq.,* for the petitioners.
*Hubert E. Kelly, Esq.,* for the respondent.

---

*Proceedings of the following petitioners are consolidated herewith : Paul V. Stines and Betty O. Stines, Docket No. 56074, and John S. Hall and Doris D. Hall, Docket No. 56262.

150

**OPINION.**

ATKINS, *Judge:* The question presented is whether the expenses incurred by the petitioners for meals and lodging while engaged in work at the duPont plant at Kinston, and the cost of returning therefrom, upon termination of their employment, to the places of their residence, constitute allowable deductions under the provisions of sections 22 (n) and 23 (a) (1) (A) of the Internal Revenue Code of 1939,[1] or whether they are nondeductible personal, living, or family expenses within the meaning of section 24 (a) (1).[2]

There remains no controversy as to the amounts of any of the expenditures. The stipulation fixes some of the amounts and the parties on brief agree as to others. The amounts of expenditures which we have set forth in our Findings of Fact are limited to the amounts now claimed by the petitioners on brief, they having therein waived any claim of deductibility of certain expenditures.

Ordinarily the cost of meals and lodging is personal and therefore not deductible in arriving at net income. Congress has specifically provided in section 24 (a) (1) that personal, living, or family expenses are not deductible. And commuting expenses to and from work have always been treated as nondeductible. *Frank H. Sullivan,* 1

---

[1] SEC. 22 (n). DEFINITION OF "ADJUSTED GROSS INCOME."—As used in this chapter the term "adjusted gross income" means the gross income minus—

 (1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;

 (2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

 In computing net income there shall be allowed as deductions:

 (a) EXPENSES.—

 (1) TRADE OR BUSINESS EXPENSES.—

 (A) In General.—* * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business;
 * * *

[2] SEC. 24. ITEMS NOT DEDUCTIBLE.

 (a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

 (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x); * * *

B. T. A. 993. Thus, it has been held that if a taxpayer chooses for reasons personal to him to maintain his residence at a place other than the place of his employment, his personal or living expenses at the place of employment do not lose their character as nondeductible personal expenditures. *Commissioner* v. *Flowers*, 326 U. S. 465. See also *Barnhill* v. *Commissioner*, (C. A. 4) 148 F. 2d 913; *Ford* v. *Commissioner*, (C. A. 4) 227 F. 2d 297; and *Andrews* v. *Commissioner*, (C. A. 4) 179 F. 2d 502, each affirming a decision of this Court.

In the *Flowers* case, *supra*, the Supreme Court stated that "business trips are to be identified in relation to business demands and the traveler's business headquarters. The exigencies of the business rather than the personal conveniences and necessities of the traveler must be the motivating factors." The Supreme Court there also stated that whether particular expenditures fulfill the conditions so as to entitle a taxpayer to a deduction is purely a question of fact in most instances. In the *Barnhill* case, *supra*, the court stated:

It is clear in the first place that Congress, in prescribing the rules for the computation of net income, intended to confine the deductions for business expenses to those which are ordinary and necessary, and to prohibit the deduction of personal living or family expenses. It was recognized that the taxpayer must maintain a home for his family at his own expense even when he is absent on business, and that his personal expenses during his absence on business may fairly be regarded as expenses of the business. But it is not reasonable to suppose that Congress intended to allow as a business expense those outlays which are not caused by the exigencies of the business but by the action of the taxpayer in having his home, for his own convenience, at a distance from his business. Such expenditures are not essential to the prosecution of the business and were not within the contemplation of Congress which proceeded on the assumption that a business man would live within reasonable proximity to his business. * * *

As we view the situation here, we do not have the case of a taxpayer who for personal reasons, as distinguished from the requirements of his business, maintains his residence at a place other than that of his actual employment. Each of the petitioners before us is a construction worker and each maintained a residence at a particular place, Peurifoy at Kure Beach, near Wilmington, North Carolina, and Stines and Hall at Raleigh, North Carolina. Each of them belonged to a local union at or near the place of his residence and each obtained employment through that union. The stipulated facts show that throughout a number of years, including the taxable year before us, they have worked at various job sites both at or near their residences and at distant points, sometimes in other States, for varying periods of time. There was no particular place where any one of them principally had employment, although each of them at times worked at or near the place where he maintained his residence. The record indicates that each was accustomed to return to the place of his residence

upon the completion of a job. Impelling reasons for the acceptance of employment away from the place of residence readily come to mind, such as the availability of work, the current pay scale, or working conditions.

In this situation we are of the opinion that when any of the petitioners accepted temporary employment away from the places of their residence, they reasonably could not have been expected to establish a residence at the places of employment. In those instances the expenses incurred at the places of employment are considered as being due to the exigencies of the trade or business. That was the situation in *Harry F. Schurer*, 3 T. C. 544, and *E. G. Leach*, 12 T. C. 20, in which we held the traveling expenses to be deductible. The respondent recognizes that this is the proper view and concedes that the employment of the petitioner Paul V. Stines at Charleston, South Carolina, for about 3 weeks and at Fort Bragg, North Carolina, for about 7½ weeks was temporary and that expenses incurred by him in traveling to those places to accept employment and returning to Raleigh and the cost of board and lodging while at those places are deductible.

On the other hand, he contends that the expenses incurred by each of the petitioners in connection with employment at the duPont plant at Kinston, North Carolina, are not deductible. He argues that that job was not temporary, but was of indefinite or indeterminate duration, relying principally upon the length of time the petitioners were employed there, Peurifoy for about 20½ months, Paul V. Stines for about 12½ months, and John S. Hall for about 8½ months, portions of which periods fell within the taxable year. He relies upon the line of cases in which the position has been taken that if the employment is of indefinite duration, the additional living costs and the transportation costs incurred because of failure to bring together the place of residence and the place of employment are deemed to have been occasioned by reasons of personal choice or convenience, resulting in the nondeductibility of the expenses. See *Willard S. Jones*, 13 T. C. 880; *Beatrice H. Albert*, 13 T. C. 129; *Commissioner* v. *Andrews, supra;* and *Ford* v. *Commissioner, supra.*

The principal factor upon which those cases turned was the nature of the employment. In the *Albert* case we said that the employment "was not the sort of employment in which termination within a short period could be foreseen, as was the situation in *Harry F. Schurer*, 3 T. C. 544, and *E. G. Leach*, 12 T. C. 20." In the *Jones* case the taxpayer was required to work for his employer until released and he could not obtain other work without a release. In the *Andrews* case the employment was "for the duration of the war" and was characterized by the court as being "of indefinite tenure." In the *Ford* case

the taxpayer had a regular and continuing employment with one employer over a number of years as subforeman and later as piping superintendent.

The petitioners argue that any employment upon a construction project is temporary in that by its very nature it is terminable, and that hence any expense in connection therewith should be considered as deductible business expense. We think it obvious that such a flat rule cannot be adopted. Each case must be decided upon the basis of its own facts and circumstances, including those relating to the known or contemplated duration of the work, the taxpayer's intent with regard to the maintenance or establishment of business headquarters, and any facts that develop during the course of the employment. Employment which may appear to be temporary in character at the start may ripen into employment of indefinite duration. See *Arnold P. Bark*, 6 T. C. 851. Furthermore, employment may be of such relatively long actual duration as to indicate, in the absence of evidence to the contrary, that the employment was either indefinite at the start or developed into indefinite employment.

Upon the record in the instant cases, we think that the employment at Kinston was of the same general nature as that involved in the *Schurer* and *Leach* cases, *supra*. The petitioner Hall testified that when they entered upon a job at a particular site, including the Kinston job, they were not guaranteed the job for any specified time and did not know how long they would be employed there, although there was usually some hearsay information as to the duration of the work. Thus, as to all three of the petitioners, there was no reason for them to believe that the nature of the job would be any different from that of other jobs which formed the general pattern of their employment. Each of the petitioners did, upon termination of his work at Kinston, return to the place of his residence and take employment there. On these facts the employment in question is properly to be considered as temporary in nature. In such a situation it would not be reasonable to expect them to shift their residences to the place of employment or to regard Kinston as their "home" for tax purposes.

We conclude that the cost of board and lodging of each of the petitioners at Kinston and the cost of their transportation from Kinston to Raleigh and Kure Beach, respectively, upon termination of this particular employment constitute traveling expenses incurred while away from home in the pursuit of his trade within the intendment of section 23 (a) (1) (A), and that they are deductible under section 22 (n). See *Carroll B. Mershon*, 17 T. C. 861.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*