Peter F. Janss v. Commissioner.
Janss v. Commissioner
Docket No. 60932.
United States Tax Court
T.C. Memo 1957-84; 1957 Tax Ct. Memo LEXIS 166; 16 T.C.M. (CCH) 365; T.C.M. (RIA) 57084; May 24, 1957
Peter W. Janss, Esq., 1301 River Vista Drive, Des Moines, Ia., for the petitioner. Hunter D. Heggie, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the year 1954 in the amount of $120.60. The sole contested issue is whether petitioner is entitled to deduct in 1954 as travel expenses, including amounts spent for meals and lodging, the amounts paid in connection with his employment in the Territory of Alaska. Findings of Fact Petitioner is an individual residing at Des Moines, Polk County, Iowa. His return for the year 1954 was filed with the director of internal revenue for the *167 district of Iowa. In 1954 petitioner who was 19 years of age resided with his parents in Des Moines, Iowa. He was a student at Roosevelt High School in Des Moines, Iowa, during the period 1951 until the fall of 1953 when he enrolled as a student in the Iowa State College at Ames, Iowa, to pursue a course in engineering to procure a degree in civil engineering. During the summer vacation periods in the years 1951 and 1952, petitioner was employed by the Gilloti Construction Company, and in 1953 by Ringland-Johnson, Inc., as a common laborer. Both concerns were general contractors of Des Moines, Iowa. Petitioner was employed principally in the vicinity of Des Moines, but also worked on similar projects in Newton, Marshalltown, and Eagle Grove, Iowa. In March 1954, petitioner contacted the personnel director of the Green Construction Company of Des Moines for the purpose of exploring the possibilities of employment during the vacation period of the summer of 1954. The Green Construction Company was a client of petitioner's father, an attorney. Green Construction Company was a joint venturer variously with the C. F. Lytle Company of Sioux City, Iowa, and other companies engaged in *168 construction projects in Alaska, South Dakota, and Minnesota. Petitioner was told he would be given employment as a common laborer and was directed to report at the close of the college year for assignment. In the early part of June 1954, petitioner was told to report to the employment agent in Alaska where the Green Construction Company and its joint venturer, the C. F. Lytle Company, were then engaged in the construction of a section of the Glen Highway, south of Tok Junction and north of Slana, in the Territory of Alaska. Petitioner was to pay his own expenses from Des Moines to the project site and return, and was to pay for his meals and lodging, furnished at the site by the employer, the sum of $40.25 per week. There were no other available living facilities at the site of the work. The employment was to terminate on September 1, 1954, or at an earlier date if the gravel operations terminated prior thereto. Petitioner accepted employment and travelled by air to Fairbanks, Alaska, and from there was transported to the project site. Petitioner commenced the performance of his duties about June 15, 1954, and continued in their performance until about August 21, 1954, when the *169 rock crusher upon which he was employed slipped into a creek. The employer believing the crusher could not be placed into operation before September 1, 1954, terminated petitioner's employment and he returned to Des Moines, Iowa. In the fall of 1954, petitioner resumed his studies at the Iowa State College at Ames, Iowa. During the period June 1951 until after August 22, 1954, petitioner was a member in good standing of the Common Laborers Local No. 177 of the International Hod Carriers and Common Laborers Union of America, which had headquarters at Des Moines, Iowa. During the petitioner's employment on the Alaskan project he received the union wage scale for a common laborer of $3.22 per hour, with time and one-half in excess of 40 hours, and double time for Sundays. Petitioner's only income in 1954 was earned during the summer in Alaska. On his return for 1954 petitioner reported gross income from wages in the amount of $1,943.27. He claimed a deduction as travel expenses the sum of $801.25 in connection with the performance of his duties in Alaska. Respondent disallowed the entire amount with the explanation that petitioner was not away from home while employed in Alaska. *170 In 1954 petitioner expended the sum of $398.75 for travel, and the sum of $402.50 for meals and lodging in connection with his employment in the Territory of Alaska. Petitioner's "home" during the taxable year 1954 was at Des Moines, Iowa. Opinion LEMIRE, Judge: Section 162(a)(2) of the Internal Revenue Code of 1954 provides that in computing net income there shall be allowed as a deduction "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *." This provision of the 1954 Code is identical with a similar provision contained in section 23(a)(1)(A) of the 1939 Code, and the decisions construing the latter section are controlling here. Respondent contends that the amounts in question which are not in dispute were not paid while away from home and were not paid in pursuit of a trade or business within the meaning of section 162(a)(2) of the 1954 Code. Commissioner v. Flowers, 326 U.S. 465; Mort L. Bixler, 5 B.T.A. 1181; Moses Mitnick, 13 T.C. 1; Wilson John Fisher, 23 T.C. 218, affd. 230 Fed. (2d) 79. *171 Petitioner contends that his home was in Des Moines, Iowa, that his employment in Alaska was temporary and in pursuit of his trade or business as a common laborer. Petitioner relies heavily on the recent case of James E. Peurifoy, 27 T.C. 149 (on appeal CA-4). In the taxable year petitioner was pursuing a course of studies to obtain an engineering degree. He was unmarried and had no dependents, and when not away at school resided at the family residence in Des Moines, Iowa. The record establishes that for some years prior to 1954, it was the custom of petitioner to secure employment as a common laborer in the construction industry during the vacation period in the summer months. The material facts are not in controversy. The petitioner's employment in Alaska was temporary. While the employment was to terminate on September 1, 1954, it could be terminated prior thereto under certain contingencies, one of which arose with the result that the employment was in fact terminated on August 21, 1954, and petitioner returned to Des Moines. We think petitioner's expenses in question were incurred in pursuit of his business as a laborer. The employment cannot be characterized *172 as "permanent" rather than "temporary" because petitioner pursued his trade only during vacation periods. Unless the Peurifoy case, supra, is distinguishable on the ground that taxpayers there involved were employed for twelve months a year, we think it is controlling here. The statute in question, in our opinion, makes no such distinction. Are the benefits of the statute to be denied to a student because he pursues his trade only during the summer vacation period? We think not. In accepting employment in Alaska in the taxable year 1954, was petitioner "away from home" within the meaning of that phase, as used in the applicable taxing statute? The respondent argues, that the only "home" petitioner had for tax purposes in 1954 was at the place of his employment. We think the solution of this question depends on whether petitioner's employment in Alaska was so temporary in nature that petitioner could not reasonably be expected to establish a residence at the place of his employment. James E. Peurifoy, supra. It is not disputed that at the site of the job on which petitioner was employed no living facilities were available, other than those required to be furnished *173 by the employer under its contract with the union of which petitioner was a member in good standing. Under such circumstances the petitioner could not reasonably be expected to establish a residence at the place of his employment in 1954. The respondent contends that Des Moines cannot be treated as petitioner's "tax home" since he lived with his parents, and has not shown that he contributed to his support or maintenance. Petitioner was a minor in the taxable year, and we regard it as of no significance here that he was not required to contribute to his support. We have found as a fact that petitioner's "home" within the purview of the applicable statute was in Des Moines, Iowa. We, therefore, hold that the respondent's denial of a deduction for travel expenses including the entire amount for meals and lodging in the taxable year 1954 was improper. Petitioner's contention is sustained on the authority of James E. Peurifoy, supra. Other adjustments are not contested. Decision will be entered under Rule 50.