**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Peter F. JANSS, Respondent.**

No. 15963.

United States Court of Appeals Eighth Circuit.

Oct. 20, 1958.

Marvin W. Weinstein, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, Washington, D. C., were with him on the brief), for petitioner.

Peter W. Janss, Des Moines, Iowa, for respondent.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

VOGEL, Circuit Judge.

█ The Commissioner of Internal Revenue seeks review and reversal of a decision of The Tax Court of the United States which allowed the taxpayer, respondent herein, a deduction for traveling expenses, meals and lodging in the year 1954 while employed as a common laborer on a construction job in the Territory of Alaska.

The following sections of the Internal Revenue Code are pertinent: 26 U.S.C.A.

"§ 62.  *Adjusted gross income defined*

"For the purposes of this subtitle, the term 'adjusted gross income' means, in the case of an individual, gross income minus the following deductions:

\*   \*   \*   \*   \*   \*

"*(2) Trade and business deductions of employees.—*

\*   \*   \*   \*   \*   \*

"*(B) Expenses for travel away* 'from home.—The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee."

"§ 162.  *Trade or business expenses*

"*(a) In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\*   \*   \*   \*   \*   \*

"(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; \*  \*  \*."

"§ 262.  *Personal, living, and family expenses*

"Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses."

The foregoing provisions are in effect the same as the correlative sections contained in the 1939 Code and accordingly decisions construing similar provisions in the 1939 Code are applicable herein.

There is no essential dispute as to the facts. Nevertheless an understanding of the issue requires that they be set forth in some detail. Peter F. Janss, respondent (petitioner below), was born in Des Moines, Iowa, where he resided with his parents and where he attended school. During the summer vacation periods of 1951, 1952 and 1953 he was employed as a common laborer by construction companies in the vicinity of Des Moines. He was unmarried. In 1953 he enrolled as a student in the Iowa State College at Ames, Iowa, where he pursued a course in civil engineering. In March, 1954, Janss, then 19 years of age, contacted the personnel director of the Green Construction Company of Des Moines, exploring the possibility of employment during the summer vacation period of

1954. This company was a client of Janss' father, a practicing attorney in Des Moines. In association with other companies, it engaged in various construction projects in Alaska, South Dakota and Minnesota. The personnel manager, who had known Janss for a number of years, suggested employment in Alaska but " * * * specified to him that he was to pay for his own transportation to and from the Territory, however he elected to go." Janss was told that the employment would terminate approximately September 1st. The personnel manager testified:

"Our prime reason for suggesting to him that he would have to pay his own transportation was that men are generally available in the Territory. We don't feel that we get the same caliber of people in Alaska that we can recruit from the States, but with that exception, men are available in the Territory. We do pay transportation for certain key people * * *."

Also:

"We had other projects in operation at that time not located in Alaska. I kind of put myself in his position, and if I was out working for the summer I would want to go where I could make the most money, so I felt Alaska was the place for the boy, and I offered him that opportunity."

Janss accepted the suggested employment, traveled to Alaska, where he commenced work as a common laborer about June 15, 1954, continuing such work until about August 21, 1954, when the employment was terminated due to an accident with a rock crusher on which he was employed. Thereafter Janss returned to Iowa and resumed his studies at the Iowa State College at Ames, Iowa. In his 1954 income tax return he reported gross income from the Alaskan employment in wages of $1,943.27. He expended the sum of $398.75 for travel to and from Alaska and the sum of $402.50 for meals and lodging while there, making a total of $801.25 which he claimed as a deduction from gross income. The Commissioner denied the allowance, whereupon the matter was taken to the Tax Court.

In an opinion not officially reported, the Tax Court reversed the Commissioner, holding that:

" * * * denial of a deduction for travel expenses including the entire amount for meals and lodging in the taxable year 1954 was improper. Petitioner's contention is sustained on the authority of James E. Peurifoy, supra." James E. Peurifoy, 27 T.C. 149.

In the Peurifoy case, the Tax Court had held that the employment of the taxpayers away from the places of their established residences was temporary in character and that the cost of meals, lodging and transportation constituted deductible traveling expenses while away from home. The Tax Court stated there, at page 155:

"Each of the petitioners before us is a construction worker and each maintained a residence at a particular place, * * *. Each of them belonged to a local union at or near the place of his residence and each obtained employment through that union. The stipulated facts show that throughout a number of years, including the taxable year before us, they have worked at various job sites both at or near their residences and at distant points, sometimes in other States, for varying periods of time. There was no particular place where any one of them principally had employment, although each of them at times worked at or near the place where he maintained his residence. The record indicates that each was accustomed to return to the place of his residence upon the completion of a job. Impelling reasons for the acceptance of employment away from the place of residence readily come to mind, such as the

availability of work, the current pay scale, or working conditions.

"In this situation we are of the opinion that when any of the petitioners accepted temporary employment away from the places of their residence, they reasonably could not have been expected to establish a residence at the places of employment. In those instances the expenses incurred at the places of employment are considered as being due to the exigencies of the trade or business. That was the situation in Harry F. Schurer, 3 T.C. 544, and E. G. Leach, 12 T.C. 20, in which we held the traveling expenses to be deductible."

Upon appeal to the United States Court of Appeals, 4th Circuit, the Peurifoy case was reversed. See Commissioner v. Peurifoy, 4 Cir., 1957, 254 F.2d 483; certiorari granted May 19, 1958, 356 U.S. 956, 78 S.Ct. 996, 2 L.Ed.2d 1065. In reversing, the Court of Appeals held that where taxpayers who were regularly employed in construction work accepted employment at some distance from homes which they respectively maintained, but there was nothing to show that their work was not of an indefinite duration, and in fact they were actually employed on a project for periods ranging from 12 to 20 months, their living expenses while employed on the project and traveling expenses upon termination of employment were not deductible from income as business expenses. The court there stated, 254 F.2d at page 486:

"When a taxpayer accepts employment at a place removed from the residence he maintains for his family, his travel and maintenance expense is not usually deductible under § 23(a) (1) (A). Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203. Indeed under the rule of Commissioner of Internal Revenue v. Flowers the expense, in order to be deductible, must be 'required by the exigencies' of the employer's business, not those of the calling of the employee. 'The job, not the taxpayer's pattern of living, must require the travel.' Carragan v. Commissioner, 2 Cir., 197 F.2d 246, 249. That an employee for reasons personal to himself and his family maintains a home at a distance from his business does not serve the business of the employer and ordinarily his travel expense and the expense of his maintenance at either place is not deductible. Commissioner of Internal Revenue v. Flowers, supra, Barnhill v. Commissioner, 4 Cir., 148 F.2d 913, 159 A.L.R. 1210.

"Where, however, an individual, who has a well established tax home, accepts temporary employment of short duration away from his tax home, it has been held that his travel and maintenance are allowable deductions under § 23(a) (1) (A) and are not 'personal, living, or family expenses' within the meaning of § 24(a) (1) even though such expenses are not incurred for the benefit of the employer. Coburn v. Commissioner, 2 Cir., 138 F.2d 763; Schurer v. Commissioner, 3 T.C. 544; Leach v. Commissioner, 12 T.C. 20. If we assume the validity of this exception to the rule of Commissioner of Internal Revenue v. Flowers, as applied to one not self-employed, it is essential that the employment away from the established tax home shall be temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develops. However justified he may be from a subjective or personal point of view in maintaining a residence away from his post of duty, his travel and maintenance expense at his post of duty is not an ordinary and necessary business expense within the meaning of § 23(a) (1) (A) if the employment is of substantial or indefinite duration. Commissioner of Internal Revenue v. Flowers, 326 U.S. 465,

66 S.Ct. 250, 90 L.Ed. 203; Ford v. Commissioner, 4 Cir., 227 F.2d 297; Carragan v. Commissioner, 2 Cir., 197 F.2d 246; Andrews v. Commissioner, 4 Cir., 179 F.2d 502; Ney v. United States, 8 Cir., 171 F.2d 449; Bercaw v. Commissioner, 4 Cir., 165 F.2d 521."

The "exception to the rule" of the Commissioner v. Flowers case and referred to above does not seem to us to be supported by the cases cited therefor. Coburn v. Commissioner was decided in 1943, several years prior to the Supreme Court's decision in the Flowers case. Furthermore, the exigencies of the employer's business, the making of motion pictures, necessitated Coburn's travel from New York to California to perform several short-term contracts. The Schurer and Leach decisions may likewise be distinguished, the former because it was prior to the Flowers decision and both because of the needs of the trade or business.

We think the Supreme Court's opinion in Commissioner v. Flowers, 1946, 326 U.S. 465, 66 S.Ct. 250, 252, 90 L.Ed. 203 is determinative of the present issue and requires a reversal of the Tax Court's conclusion. At page 470 of 326 U.S., at page 252 of 66 S.Ct. the Supreme Court set forth three conditions which must be satisfied before traveling expense may be deducted under the applicable statutory provisions:

"(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

"(2) The expense must be incurred 'while away from home.'

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an ex-

penditure must be necessary or appropriate to the development and pursuit of the business or trade."

And at page 472 of 326 U.S., at page 253 of 66 S.Ct.:

"Failure to satisfy any one of the three conditions destroys the traveling expense deduction."

The Supreme Court thereupon disregarded the first two conditions and held that in the Flowers case the third condition had not been met, concluding therefore that the expenses were not deductible. In so doing, the Supreme Court said, at page 473 of 326 U.S., at page 253 of 66 S.Ct.:

"The facts demonstrate clearly that the expenses were not incurred in the pursuit of the business of the taxpayer's employer, the railroad. * * * The character of such expenses is unaltered by the circumstance that the taxpayer's post of duty was in Mobile, thereby increasing the costs of transportation, food and lodging. Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same."

At page 474 of 326 U.S., at page 254 of 66 S.Ct.:

"Travel expenses in pursuit of business within the meaning of § 23(a) (1) (A) could arise only when the railroad's business forced the taxpayer to travel and to live temporarily at some place other than Mobile, thereby advancing the interests of the railroad. Business trips are to be identified in relation to business demands and the traveler's business headquarters. *The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors.*" (Emphasis supplied.)

Clearly, the facts in the instant case require a finding that the third condition set forth by the Supreme Court in

**104**

the Flowers case has not been met. True enough, an effort was made to show that the interests of the Green Construction Company and the requirements of its business were the motivating factors in the taxpayer's travel to Alaska. The Tax Court, however, made no finding to that effect and none could be justified by the record. Note that while the Green Construction Company did pay transportation for certain key people, it nevertheless, insofar as Janss was concerned, specified that he was to pay for his own transportation and that *their prime reason for suggesting that he would have to pay for his own transportation was that men were generally available in the Territory.* We do not find here that the exigencies of the business or the interests of the employer were the motivating forces in the taxpayer's travel from Des Moines, Iowa, to Alaska to work as a common laborer. If the rule were as contended by the Tax Court in this decision, then we can see no logical justification for denying deductions for subsistence and travel expense had Janss asked for it when he worked in the vicinity of Des Moines, or, for that matter, the allowance of commuter's expenses as a deduction for, as stated by the Supreme Court in the Flowers case at page 473 of 326 U.S., at page 254 of 66 S.Ct., "* * * whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same." We do not find any exception to the rule announced in Commissioner v. Flowers, supra.

It is well settled, and often uttered, that deductions from gross income are matters of legislative grace, only allowable when the case provisions fall clearly within the scope of the enactment. See McDonald v. Commissioner, 1934, 323 U.S. 57, 60, 65 S.Ct. 96, 89 L.Ed. 68; Deputy v. Du Pont, 1940, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; New Colonial Ice Co. v. Helvering, 1944, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Johnson v. United States, D.C. 1941, 39 F.Supp. 103, 107. Respondent before us has not shown that he comes clearly within the statutory provisions and it follows that if the scope is to be enlarged it must be by legislative enactment rather than by judicial construction.

We think Congressional intent in the enactment of the statutes asserted here by the taxpayer is well exemplified and followed in the Leach case, 12 T.C. 20, supra. There the taxpayer was employed during the entire tax year by a construction company to erect structural steel. He had no station or regular place of employment. His employment required him to be away from his home for 49 weeks during the tax year and to be for short periods ranging from a few weeks to several months at various places remote from his home. There (1) the expense was reasonable and necessary; (2) it was incurred "while away from home"; and (3) it was incurred in the pursuit of business and the requirements of the employer necessitated the travel and absence from home. That is far from the situation with which we are confronted herein.

The claimed deductions in this case come within the meaning of 26 U.S.C.A. § 262, supra, as "personal, living, or family expenses", are not otherwise exempted, and accordingly are not deductible.

Reversed.