Walter Lee Cotner and Barbara K. Cotner v. Commissioner.
Cotner v. Commissioner
Docket No. 1690-70SC.
United States Tax Court
T.C. Memo 1971-97; 1971 Tax Ct. Memo LEXIS 235; 30 T.C.M. (CCH) 389; T.C.M. (RIA) 71097; May 4, 1971, Filed. Walter Lee Cotner, pro se, Brunswick Road, Freeport, Me. David L. Miller, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in the petitioners' income tax for the year 1967 in the amount of $264.84. The issue is whether petitioners are entitled to deductions for travel expenses in 1967 in excess of the amount allowed by the respondent. Petitioners concede the disallowance of a deduction for Massachusetts income tax in the amount of $152.90. Findings of Fact Walter Lee Cotner and Barbara *236 K. Cotner, husband and wife, were residents of Freeport, Maine at the time the petition herein was filed. They filed a joint Federal income tax return for the year 1967 with the district director of internal revenue, Augusta, Maine. Walter Lee Cotner will hereinafter be called the petitioner. Petitioner was employed as a bus driver for Trailways of New England, Inc. (hereinafter called Trailways) during the year 1967. Petitioner had worked in the New England area since January 1964. Because of existing labor disputes in that area the petitioner was able to obtain an assignment on bus runs out of Portland, Maine. The labor dispute was settled in October 1965 and when the Trailways employees with higher seniority returned to work, the petitioner was unable to retain the bus runs out of Portland. Under the existing union contract, the bus operators were required to bid for the available bus runs five or six times per year and the bus runs were assigned to the operators on the basis of seniority. From October 1965 to September 1966, petitioner worked primarily on runs out of Rochester, New Hampshire. From September 1966 to September 1969, the petitioner was assigned to the spare *237 board in the Trailways terminal in Boston, Massachusetts and he worked on runs out of that terminal. In March 1969, Trailways had 56 positions in Boston, which included 21 regular bid runs and 35 positions on the spare board. The employees who were listed on the spare board would replace drivers on regular runs who were absent from work. An employee listed on the spare board could be "bumped" by another Trailways employee with greater seniority. During the period from September 1966 to December 1969, the petitioner on several occasions was able to obtain runs, through bidding, out of Portland, Maine. Petitioner terminated his employment with Trailways on December 19, 1969. Petitioner's wife and children resided in Freeport, Maine during the period here involved. On his income tax return for the year 1967, the petitioner claimed a deduction for traveling expenses in the total amount of $2,585, which total included the amount of $1,475 described on the return as "50 weeks travel from Boston to Portland, Me. at $29.50 per week." In the statutory notice of deficiency the respondent allowed a deduction in the amount of $1,344 under section 162(a) of the 1954 Internal Revenue Code *238 [1] and disallowed the balance, or $1,241, of the total amount claimed by petitioner as a deduction for travel expenses in 1967. Opinion Section 162(a) of the 1954 Internal Revenue Code allows a deduction for traveling expenses (including amounts expended for meals and lodging) while away from home in pursuit of a trade or business. For purposes of section 162 a taxpayer's "home" 390 means the vicinity of his principal place of business or employment, i.e., his business home, rather than his personal residence. Ronald D. Kroll, 49 T.C. 557 (1968); see Commissioner v. Flowers, 326 U.S. 465 (1946). If a taxpayer is on a work assignment away from his principal place of employment for a temporary period, as distinguished from an indefinite or indeterminate period of time, he may deduct living expenses incurred at his temporary post of duty. See Peurifoy v. Commissioner, 358 U.S. 59 (1958), affirming per curiam 254 F. 2d 483 (C.A. 4, 1957). Employment is regarded as indefinite if its termination cannot be foreseen within a fixed *239 or reasonably short period of time. Walter C. Stricker, 54 T.C. 355 (1970). Respondent's contention is that the petitioner's tax home during 1967 was Boston, Massachusetts, not Portland, Maine, and accordingly has allowed a deduction of $1,344 under section 162(a) as travel expenses away from Boston. The disallowed portion of the claimed deduction, $1,241, represents the expenses incurred by petitioner in 1967 for approximately 50 round trips between Boston and Portland. [2] Petitioner admits that he made these trips to visit his family at their residence in the Portland area. It is not necessary for purposes of this case to resolve the temporary vs. indefinite conflict since the result would be the same under either finding. In Commissioner v. Flowers, supra, the Supreme Court prescribed three conditions necessary to qualify a traveling expense as a deduction under section 162(a). These were (1) the expenses must be reasonable and necessary traveling expense; (2) the expense *240 must be incurred while away from home; and (3) the expense must be incurred because of business exigencies rather than the personal considerations of the taxpayer. Here, the petitioner's 50 round trips between Boston and Portland were admittedly for the purpose of visiting his wife and children. There is no evidence in the record to indicate that petitioner's trips to Portland in 1967 were related to his employment. We must conclude that petitioner's expenditures incurred on his 50 round trips to his family residence were personal in nature and hence nondeductible under section 262. See Ford v. Commissioner, 227 F. 2d 297 (C.A. 4, 1955), affirming a Memorandum Opinion of this Court. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩
2. Petitioner testified that the round trip between Boston and Portland was 220 miles and that he claimed $.10 per mile plus tolls in the amount of $3.20 for each round trip.↩