ROY D. CROUCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Crouch v. Commissioner
Docket No. 4211-74
United States Tax Court
T.C. Memo 1977-60; 1977 Tax Ct. Memo LEXIS 381; 36 T.C.M. (CCH) 263; T.C.M. (RIA) 770060; March 10, 1977, Filed Roy D. Crouch, pro se. Lowell F. Raeder, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Lehman C. Aarons pursuant to the provisions of section 7456(c) of the Internal Revenue Code and General Order No. 5 of this Court. [1] The Court agrees with and adopts Special Trial Judge Aarons' report which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE
*382 AARONS, Special Trial Judge: Respondent determined a deficiency in petitioner's federal income tax for 1972 in the amount of $923.19. The sole issue is the propriety of petitioner's claimed deduction under section 162 of the Code [2] of travel expense which was disallowed by respondent on the asserted grounds that petitioner's employment "was indefinite in nature and no part of the claimed deduction is allowable in connection with the transportation of tools." FINDING OF FACT Petitioner filed his 1972 return with the District Director of Internal Revenue in Newark, New Jersey. Petitioner resided at Hammonton, New Jersey, at the time of filing his petition. Petitioner is an electrician and has been a member of Local 592, I.B.E.W., Vineland, New Jersey, since 1969. Late in 1968, construction of a nuclear power plant at Salem, New Jersey, was commenced. Such construction was still going on at the time of the trial of this case. Petitioner commenced employment at the Salem project in September, 1971; he worked exclusively at the Salem project during 1972; and except for a layoff of approximately 3 months in 1976, he continuously worked at the Salem project to the time of the trial. The distance from Hammonton, where petitioner and his family resided, to Salem is about 58 miles. Petitioner travelled the round trip 5 days per week in his 1966 Newport Chrysler, which petitioner described as a small car. Public transportation did not offer petitioner a practical alternative way of getting to and from Salem. Petitioner carried his tools in the trunk of his car, the tools consisting of such items as chain wrenches, heavy pipe wrenches, hammers and chisels and filling two boxes measuring respectively, 32" x 10" x 10" and 24" x 12" x 12". These boxes practically filled the trunk space in petitioner's car. There were some co-workers at the Salem project who lived in the vicinity of petitioner's home who went to Salem via car pool. Petitioner's testimony (which was nonspecific in nature) was that these co-workers were unwilling to share a car pool with him because of his tool-carrying. The amount expended by petitioner for such transportation in 1972 was $2,687.40. OPINION It is clear that the cost of commuting to a taxpayer's place of work, regardless of the distance travelled, is a nondeductible personal expense. William L. Heuer, Jr.,32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). But as stated by this Court in Eugene G. Feistman,63 T.C. 129, 135 (1974): Where a commuter incurs additional expenses because he has to transport his "tools" to work such additional costs may be deductible as a business expense under section 162. Fausner v. Commissioner,413 U.S. at 839; Harold Gilberg,55 T.C. 611; Robert A. Hitt,55 T.C. 628. It is not enough, however, that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expense would not have been incurred had he not been required to carry the tools. Although petitioner's testimony was forthright and candid, it fell short of persuading the Court that petitioner's commuting expenses would not have been incurred had he not been required to carry his tools. His testimony as to the availability of car pools, as to efforts he might have made to participate in such a pool, as to the cost differential between "car-pooling" and using his own "small car" lacked specificity, and we are unable to conclude that petitioner was serious in his efforts to arrange a car pool in 1972, or that his tool-carrying engendered costs in addition to his normal commuting expense. Assuming, without deciding, that petitioner's commuting expenses might possibly have been deductible had his Salem employment been temporary in nature (cf. Lawrence W. Norwood,66 T.C. 467 (1976), and see Rev. Rul. 75-380, 1975-2 C.B. 59), it is our view that such employment was indefinite rather than temporary. As stated in Truman C. Tucker,55 T.C. 783, 786 (1971), and in many other judicial opinions, employment is considered temporary if it "can be expected to last for only a short period of time." And as set forth in Lawrence W. Norwood,supra at p. 469
Even if it is known that a particular job may or will terminate at some future date, that job is not temporary if it is expected to last for a substantial or indefinite period of time. Ford v. Commissioner,227 F.2d 297 (4th Cir. 1955), affg. T.C. Memo. 1954-209; Lloyd G. Jones,54 T.C. 734 (1970), affd. 444 F.2d 508 (5th Cir. 1971); Leo C. Cockrell,38 T.C. 470 (1962), affd. 321 F.2d 504 (8th Cir. 1963). * * * The stipulated facts afford us no basis for determining that petitioner's Salem employment was other than indefinite in nature. We accordingly have no alternative but to sustain respondent's determination. * * *
In accordance with the foregoing, Decision will be entered for the respondent.
*383 Footnotes
1. Pursuant to General Order No. 5 the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩