HERBERT ELSAESSER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elsaesser v. Commissioner
Docket No. 6689-76.
United States Tax Court
T.C. Memo 1978-2; 1978 Tax Ct. Memo LEXIS 512; 37 T.C.M. (CCH) 4; T.C.M. (RIA) 780002; January 3, 1978, Filed Joyce H. Errecart, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and General Order No. 5 of this Court. [2] The Court agrees with *513 and adopts Special Trial Judge Falk's report which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $1,815.87 in petitioner's 1974 federal income tax. The sole issue for decision is whether petitioner is entitled to a deduction under section 162(a)(2) for the costs of meals, lodging, and travel incurred by him while residing and working in the United States. All of the facts have been stipulated and are so found. Petitioner made no appearance at the hearing, and the case was submitted on the stipulation of facts. Petitioner is a citizen of Germany. He filed his 1974 nonresident federal income tax return with the Director of International Operations, Washington, D.C. At the time the petition herein was filed, he resided in the Federal Republic of Germany. Petitioner entered the United States with his wife and two children *514 on August 17, 1973. He held a type B-1 entry visa. During the tax year in question, petitioner was in the United States from January 1 to July 26 and from August 19 to December 12, and rented a seven room apartment in Binghampton, New York, in which he resided with his family. He paid $350 as rent each month. Petitioner alleged in his petition that he was employed in Germany and maintained a permanent home there. He claims his employer granted him a temporary leave of absence to work as a trainee in the United States and continued to pay his salary. It is stipulated, however, that petitioner failed to present documentary evidence concerning his employment before, during, and after his stay in the United States. It is further stipulated that he failed to present documentary evidence concerning whether petitioner maintained a residence in Germany during 1974 and whether he returned to any such residence after leaving this country. On his 1974 nonresident federal income tax return, petitioner deducted $6,796.50 as traveling expenses under section 162(a)(2), which he represented to be the costs incurred by him for transportation, meals, and lodging while residing and working in *515 the United States. Respondent disallowed the claimed deduction in its entirety on the grounds that petitioner failed to show that he had a principal business location or tax home outside of the United States and was temporarily absent from that place, and that he failed to substantiate his expenditures for meals and transportation. Section 162(a)(2) allows as a deduction all the ordinary and necessary traveling expenses (including amounts expended for meals and lodging) incurred by a taxpayer during the taxable year while away from his or her home in the pursuit of a trade or business. Section 262 prohibits a deduction, unless otherwise expressly authorized, for a taxpayer's personal, living, or family expenses. Where a taxpayer has an established home within the vicinity of his or her principal place of employment, a traveling expense deduction is allowed when he or she travels temporarily away from that place. If a taxpayer travels away from that place for an indefinite or indeterminate period of time, the expenses incurred are not deductible. Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), revg. 27 T.C. 149 (1956), affd. 358 U.S. 59 (1958) *516 (per curiam); Michaels v. Commissioner,53 T.C. 269 (1969). Petitioner contends that his principal place of employment was Germany and, inasmuch as he was in the United States temporarily, he is entitled to deduct under section 162(a)(2) the costs he incurred for travel, meals, and lodging. Petitioner has the burden of proving he is entitled to the deduction, Welch v. Helvering,290 U.S. 111, 115 (1933); see Rules 142(a) and 122(b), Tax Court Rules of Practice and Procedure, and he has failed to do so. The only fact upon which petitioner appears to rely is that he was present in the United States on a B-1 visa. A B-1 visa is issued to alien visitors for business for an initial period of not more than six months, but may be extended for further temporary stay in increments of not more than six months. 8 C.F.R. sec. 214.2(b) (1976). Even if we were to conclude that petitioner's B-1 visa establishes as a fact that his stays in the United States were temporary (which, in the absence of further evidence of his intentions as to the length of his periods of employment here, we are unwilling to do), still there is no evidence in *517 this record that he met the other prerequisite to the deductibility of his expenses as away-from-home traveling expenses; i.e., that he have business ties in the place whence he has come. Tucker v. Commissioner,55 T.C. 783 (1971). The record here offers no evidence whatever relating to the nature of petitioner's employment before, during, and after his stay in the United States; whether he maintained a permanent residence in Germany; the reasons for his taking a leave of absence; the factors in existence at the time of his transfer to the United States; or the expected duration of his stay. See Michaels v. Commissioner,supra.Petitioner did not even disclose the name of his employer. Based on this skimpy record, we cannot determine that petitioner maintained a home within the vicinity of a principal place of employment away from the vicinity of his work here and whether, if so, he was temporarily away from that place. Petitioner having failed in his burden of proof, we must hold for respondent. * * *
In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to General Order No. 5, the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩