MARIE E. WHITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket Nos. 4284-75, 10358-76.
United States Tax Court
T.C. Memo 1978-291; 1978 Tax Ct. Memo LEXIS 226; 37 T.C.M. (CCH) 1226; T.C.M. (RIA) 78291; July 27, 1978, Filed *226 Held, petitioner's traveling expenses were not incurred while "away from home" within the meaning of sec. 162(a)(2), I.R.C. 1954. Held further, petitioner's legal expenses were not incurred for the "production or collection of income" within the meaning of sec. 212(1), I.R.C. 1954. Marie E. White, pro se. William E. Bonano, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: Year
Deficiency
1971
$ 846.05
1972
1,175.70
1973
162.00 After concessions, the issues are whether petitioner incurred traveling expenses in 1971 and 1972 while "away from home" within the meaning of section 162(a)(2), [1] and whether petitioner incurred legal expenses in 1972 and 1973 for the "production or collection of income" within the meaning of section 212(1). FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Marie E. White (hereinafter petitioner) resided in San Francisco, California, when she filed her 1971, 1972 and 1973 returns with the Internal Revenue Service Center, Fresno, California, and when she filed her petitions in this case. From August 6, 1968 until January 1, 1970, and from January 1, 1970 until April 18, 1972, petitioner was permanently employed *228 part and full-time, respectively, as a psychiatric social worker with the California Department of Social Welfare (hereinafter Department of Social Welfare) in Stockton, California. In June 1968, she received a master's degree while residing in San Francisco. As a consequence of her full-time employment in Stockton, she was required to travel -- often to San Francisco. She was reimbursed for business travel away from Stockton. In February 1972, petitioner accepted part-time employment, in order not to conflict with her full-time employment with the Department of Social Welfare, with the San Joaquin Association for Retarded Children (hereinafter Association) in Stockton, California. From May 1972 until January 18, 1973, she accepted permanent full-time employment with the Association as executive director. The Association reimbursed petitioner for business travel away from Stockton. During all the years in question, petitioner maintained her residence in San Francisco, California. As a result, she incurred unreimbursed expenses for meals, lodging, and automobile expenses in commuting to and staying overnight in Stockton in 1971 and 1972. She spent approximately 50 percent *229 of her business time in Stockton in 1971 and 1972 while employed with the Department of Social Welfare. This increased to 100 percent in 1972 when she accepted full-time Petitioner maintained her residence in San Francisco because, among other things, the cost of moving was prohibitive, as compared to the commuting expense; the well being of her children and other family members living with and dependent upon her required her to maintain her San Francisco home; and she was constantly seeking employment in San Francisco. In 1972, petitioner filed a class action suit to prevent enforcement of a California statute requiring parents of minor retarded children receiving support and care from the state to contribute based upon their ability to pay, to the cost of the services. The parents' contribution was not to exceed the cost of caring for a normal child at home. Petitioner incurred $ 1,031.65 and $ 900 for legal fees in 1972 and 1973, respectively, relative to this matter. Petitioner deducted her traveling expenses for commuting from San Francisco to Stockton on her 1971 and 1972 returns. Respondent disallowed the deductions on the ground that they were nondeductible personal *230 commuting expenses under section 262. Petitioner also deducted her legal fees on her 1972 and 1973 returns. Respondent disallowed the deductions on the ground that these expenses were personal under section 262 and not incurred to produce or collect income within the meaning of section 212(1). OPINION We must first determine whether petitioner's 1971 and 1972 traveling expenses are deductible under section 162(a)(2). This requires a determination of where her home is for tax purposes. Generally, the cost of maintaining one's home and in traveling to and from work are personal nondeductible expenses. Sec. 262. Section 162(a)(2), however, provides an exception for reasonable traveling expenses, including meals and lodging, if they are incurred while away from home. To be deductible, these expenses must be reasonable and necessary, incurred while away from home, and incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946). Petitioner argues that her home was in San Francisco and that expenditures incurred for traveling to and lodging in Stockton are deductible as expenses incurred while away from home in the pursuit *231 of a trade or business. Although petitioner undoubtedly regarded her house in San Francisco, rather than the overnight quarters in Stockton, as her home, her subjective intention is not controlling for tax purposes. We have consistently applied an objective test for determining a taxpayer's home for purposes of section 162(a)(2) noting that a taxpayer is expected to maintain his home at or near his place of employment and that only when he is required by his business to travel away from such a place are traveling expenses deductible. Foote v. Commissioner,67 T.C. 1, 4 (176). Stockton was petitioner's principal place of business in 1971 and 1972 and, therefore, was her home for tax purposes. As a result, she was not away from home while commuting to and staying in Stockton, and her traveling expenses are accordingly not deductible. Petitioner makes a final legal argument which we must reject. She argues that her employment in Stockton was temporary and, therefore, San Francisco was her tax home. We have held that when a taxpayer with a principal place of employment goes elsewhere to take temporary work, traveling expenses incurred in commuting to and staying *232 at the location of this work are deductible. Tucker v. Commissioner,55 T.C. 783, 786 (1971). Petitioner here, however, neither established that San Francisco was her principal place of employment nor that her employment in Stockton was temporary.Petitioner graduated from a San Francisco college in June 1968 and worked in Stockton from August 6, 1968 to at least January 18, 1973, mostly full-time. True, her position with the Department of Social Welfare in Stockton required her to spend some time in San Francisco, but that does not make San Francisco her principal place of employment. That Stockton was her principal place of employment is supported by the fact that she accepted a second permanent full-time position in Stockton in May 1972, with the Association. Finally, we do not consider her permanent employment in Stockton for nearly five years as temporary. McCallister v. Commissioner, 70 T.C.     (June 29, 1978). Moreover, the purpose of section 162(a)(2) is to mitigate the burden of the taxpayer whose business requires two places of abode and therefore duplicate living expenses. Foote v. Commissioner,supra at 5. Here such expenses *233 were incurred, not because of the requirements of employment, but because of personal considerations. Petitioner's her home in San Francisco; nor did her employment require her derived no benefit from her decision to continue to maintain to live in San Francisco. She could have avoided the duplicate expense by maintaining her home in Stockton. However justified and laudable her arrangements may have been from a subjective point of view, the expenses were not ordinary and necessary business expenses under section 162(a)(2). Commissioner v. Peurifoy,254 F. 2d 483 (4th Cir. 1957), revg. 27 T.C. 149 (1956), affd. per curiam 358 U.S. 59 (1958). The second issue concerns the deductibility of legal expenses incurred in 1972 and 1973 to prevent enforcement of a California law requiring parents to contribute to the support of their minor retarded children who are receiving sate support and care. A taxpayer is allowed a deduction for ordinary and necessary expenses paid for the production or collection of income. Sec. 212(1). Whether litigation costs are deductible under section profit seeking activities: "* * * the origin and character *234 of whether or not the claim arises in connection with the taxpayer's profit se&eing activities: "* * * the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test * * *." United States v. Gilmore,372 U.S. 39, 49 (1963). Petitioner's lawsuit stemmed entirely from her family relationship, and not, under any reasonable view, from income-producing activity. Accordingly, her legal expenses incurred in 1972 and 1973 are not deductible. We have considered petitioner's other arguments and find them unpersuasive. To reflect the foregoing, Decisions will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩