**John James GALLAGHER et al., Plaintiff,**

**v.**

**LATROBE BREWING COMPANY, Defendant and Third-Party Plaintiff,**

**v.**

**DILL CONSTRUCTION COMPANY, Third-Party Defendant.**

**Civ. A. No. 61-177.**

United States District Court
W. D. Pennsylvania.
July 10, 1962.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Reed & Egler, Pittsburgh, Pa., for the defendant and third party plaintiff.

Gustav M. Berg, Pittsburgh, Pa., for third party defendant.

McILVAINE, District Judge.

In this case the defendant, Latrobe Brewing Company, through its counsel has filed a motion under Rule 5 III of the local rules of the United States District Court for the Western District of Pennsylvania, seeking the appointment of an impartial medical expert.

This case involves a claim where personal injuries and death allegedly resulted from the inhalation by plaintiff's decedent of fumes from an ammonia solution on May 30, 1959. The death occurred in October 1960, as a result of carcinoma of the lung.

In the motion for an impartial medical examination, which in this case is really asking for an impartial medical review of the reports, it is alleged that the reports of the medical witness and the defendant have been filed but they are widely divergent. Counsel for the defendant requests that the Court order that the documents be examined by a medical expert.

The rule in this Court was adopted on February 23, 1961.[1] It was adopted after

1. _ORDER OF COURT_

AND NOW, to wit, this 23rd day of February, 1961, Rule 5 of the Rules of Court of the United States District Court for the Western District of Pennsylvania is amended by adding the following:

III IMPARTIAL MEDICAL EXAMINATION, REPORT AND TESTIMONY

A. In any case involving the medical condition of a party, a judge on his own motion, for any reason including assist-

study and evaluation by a special committee of doctors and lawyers which reviewed and considered the rules in existence in other districts and in other courts, and also after due consideration by all members of this Court.

■ The Court at no time has ever felt that there should be a mere automatic appointment of a medical expert merely because one of the parties desires it. It is felt that there had to be a sound reason to appoint an impartial medical expert. Therefore, before an impartial medical expert could be used as a court's witness, the impartial medical examiner appointed must first answer the following question:

"Considering all the facts presented, and based on your examination of the party, is the proposed medical testimony of any doctor who may be called as a witness in this case of such a nature or so slanted that in the present state of medical science a reasonable medical scientist could not accept it either as to diagnosis, causal connection, or prognosis?"

If the answer to this question is "Yes," the medical witness may be called by the Judge, and his testimony submitted to the jury under proper instructions from the Judge. If the answer to this question is "No," the medical expert may be called as a witness by any party to the action, but he shall not be identified as being called as an impartial medical expert.

It was the intent of the Court that the use of impartial medical witnesses be limited in the normal situation to cases involving positions which one side or the other had taken through its medical witnesses which could not be supported by reasonable medical scientists. In other words, there ought to be a showing to the Court that a position taken did not have a reasonable medical basis. If such

---

ance in pretrial proceedings or in furthering settlement, or by agreement of the parties or by an affidavit by one of the parties setting forth the need, may refer the case to an impartial medical expert. The expert will be a member of a panel of examining physicians designated by the Allegheny County Medical Society after consultation with a committee appointed by the President of the Allegheny Bar Association, and which panel shall include specialists in the various medical fields.

B. Copies of all available medical reports or hospital records shall be furnished by counsel to the medical expert who shall review them, examine the party and forward his report and opinion to the judge, with copies to counsel for each of the parties. As part of his report, the medical expert shall answer the following question:

Considering all the facts presented, and based on your examination of the party, is the proposed medical testimony of any doctor who may be called as a witness in this case of such a nature or so slanted that in the present state of medical science a reasonable medical scientist could not accept it either as to diagnosis, causal connection or prognosis?

C. If the answer to this question is "Yes" and the case proceeds to trial, the medical expert may be called as a witness by the judge or by any party to the action as the impartial medical expert appointed by the Judge and his testimony submitted to the jury under proper instructions from the Judge.

D. If the answer to this question is "No", the medical expert may be called as a witness by any party to the action, but he shall not be identified as having been appointed as an impartial medical expert.

E. If the case does not proceed to trial or if the medical expert is not called as a witness at the trial, or is called as a witness by the Judge, his compensation shall be paid equally by each party to the litigation, unless the judge in his discretion orders payment to be made otherwise in order to meet special factual situations.

F. If the medical expert is called as a Witness at the trial by any party, his compensation shall be paid by that party.

/s/ Wallace S. Gourley, CDJ
/s/ Rabe F. Marsh
/s/ Joseph P. Willson
/s/ John L. Miller
/s/ John W. McIlvaine
/s/ Herbert P. Sorg
/s/ Edward Dumbauld
/s/ Louis Rosenberg

a showing were made, then the Court should put the impartial medical expert rule into operation. Of course, in Paragraph A of the rule the Court did reserve the right to use the plan for any reason including the assistance in pretrial proceedings, the furthering of settlement, or by agreement of the parties, and this decision in no way abrogates this use of the rule by the Court. However, this was more a reservation of rights by the Court rather than an outline of reasons to use this rule which is somewhat a departure from the practice that has been followed in courts for years. There could always be a case in which the Court might feel that the circumstances warranted the appointment of an impartial medical expert. Hence, that contingency was provided for in the rule. The primary situation calls for the application of the rule when the position taken by one of the parties is such that a reasonable medical scientist would not accept the position taken.

The wording of the rule was not made without reason. All members of this Court are aware that court congestion is a primary cause for concern to lawyers, judges, and the public. We are also aware that the personal injury suits constitute approximately 75% or more of all cases now in the various courts of this country.

We desired a rule concerning medical examinations which would remain within the framework of our adversary system, but would expedite the search for truth in this large class of cases. Our rule is only an improvement and not a departure from tradition.

This is a status that we are extremely interested in maintaining. No one can dispute that the ultimate decision, even the medical decision, in cases tried under our system is made by the trier of fact. But extended study of the situation raised grave doubts in the Court's mind of the problem of detecting or selecting cases in which a panel can be usefully and properly employed.

For example, it has been stated by strong proponents of the impartial medical rule that the panel should not be used in cases concerning alleged cancer from trauma because of the divergent views of medical scientists on this problem. Many other like instances could be cited which this one example highlights.

In answer to this criticism of the use of the impartial witness rule, the answer is always given that the impartial witness on examination would be willing to point out that there are divergent schools of thinking on this subject. But with everyone agreeing that the cloaking of the impartial doctor with the Court's sanction obviously has great weight with the jury such a safeguard is not sufficient. It is wrong to provide a witness with the Court's approval where reasonable medical men could disagree as to either the causal connection, the diagnosis, or the prognosis. It seems to be completely at variance with our concept of justice to have one school of thought represented to the jury as the Court's "impartial" medical witness, if there is an honest and authoritative difference of opinion. The question then should be resolved by the trier of fact without tipping the scales one way or the other by the use of the Court's witness. We, therefore, searched for some means to allow the impartial system to operate as a policeman against the charlatan or ignorant doctor, and yet not violate our concept of justice. Like the policeman in a well regulated society he would not often be called. Everyone should realize that this rule was only primarily aimed at a small group of unethical or unqualified practitioners with the secondary use limited to use by the Judge to facilitate pretrial procedures or settlement or where the parties agree to its use. Our conclusion was that the panel expert so selected shall answer the above quoted question. We were of the opinion that the impartial medical expert should only be used normally where one side or the other endeavors to present medical testi-

mony to the jury which reasonable medical scientists could not accept. It was an effort to create an effective force against obviously misleading testimony.

It is recognized that the more liberal rule such as is in existence in the Eastern District of Pennsylvania [2] would be more effective in reducing backlogs. It can also be forceably argued that the more liberal rule in the end promotes justice. But for the reasons stated this Court took a more conservative approach to the problem.

With these thoughts in mind and with the realization that the rule in this district is new, we gave counsel for the defendant an opportunity to be heard, for the petition as it was presented to this Court was not sufficient to warrant the appointment of an impartial medical expert.

However, counsel for the defendant would not file an affidavit that the opinion of the plaintiff's expert was so slanted or of such nature that it could not be accepted by a reasonable medical expert, nor would he endeavor to supply such an affidavit to the Court from some medical expert. He merely insisted that there was a divergence of opinion, and that the Court should appoint an impartial

medical expert because of this divergence, and also because the expert for the plaintiff was what he classified as a professional witness.

■ The mere fact that medical experts have opinions that are widely divergent does not in of itself mean that there must be an impartial expert appointed by the Court. The mere allegation of divergence of opinion does not mean that there can be an automatic granting of a prayer such as sought in this case.

■ What is essential to warrant the appointment of an impartial medical expert is a proper affidavit, submitted by the moving party, executed by either a competent medical authority or by representatives of a party based on information received from competent medical authorities that the position of the opposing party is of such a nature or is so slanted that in the present state of science a reasonable medical expert could not accept the opinion of the other parties as to diagnosis, causal connection, or prognosis, or some other good and sufficient reason. This is not to say that in certain cases the Court on its own would not appoint a panel expert. But such appoint-

2. RULE 22 OF THE CIVIL RULES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA (AS AMENDED DECEMBER 20, 1960)

RULE 22—IMPARTIAL MEDICAL EXPERTS

(a) In any personal injury, death, survival or malpractice case in which, prior to the trial thereof, a judge shall be of the opinion that an examination of the injured person and a report thereon, a report, and/or testimony by an impartial expert or experts on the facts involved would be of material aid to the just determination of the case, he may, after consultation with counsel for the respective parties and after giving counsel a hearing if such hearing be requested by either counsel, order such examination, report, and/or testimony. The examination will be made by a member or members of a panel of examining physicians designated

for their particular qualifications by the Medical Society of the State of Pennsylvania after consultation with the Court. Copies of the report of the examining physicians will be made available to all parties.

(b) The compensation of the expert or experts shall be fixed at the termination of the case by the judge ordering the examination and shall be paid by the losing party, unless the court otherwise directs. Such judge may direct the deposit, by the moving party, of security which may be used for the payment of such compensation in the discretion of the court.

(c) If the case proceeds to trial after such examination and report, either party may call the examining physician or physicians to testify or the trial judge may, if he deems it desirable to do so, call the examining physician or physicians as a witness or witnesses for the court, subject to questioning by any party.

ment would, of course, be based on reason and not whim.

Of course, the Court itself in a case where it is warranted could appoint an expert. Counsel for the defendant in this case said he could not submit such an affidavit from any medical expert, and that he could not and would not make such an affidavit; but, nevertheless, urged the Court to appoint the expert. No mention was made of furthering settlement by use of the rule.

This Court feels that if counsel for a party cannot submit an affidavit from an expert and is not willing himself to make an affidavit, it will not in this case assume the burdens of one of the advocates and order the appointment of an impartial medical expert.

Accordingly, the Motion for an Impartial Medical Examination should be denied.