**Steve John EDGEHOUSE, Plaintiff,**

v.

**NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Defendant.**

Civ. A. No. 61–315.

United States District Court
W. D. Pennsylvania.

Dec. 20, 1962.

Edward J. Balzarini, Pittsburgh, Pa., for Steve John Edgehouse.

Earl F. Reed, Jr., Pittsburgh, Pa., for defendant railroad.

McILVAINE, District Judge.

After the jury returned a verdict for the plaintiff, defendant has filed a motion for a new trial. It is not contested that the plaintiff was employed by defendant railroad and while in the performance of his duties was injured. His injury resulted from a violation by the defendant of the Safety Appliance Act. In fact, the defendant admitted liability at the trial of the case and the issue before the jury was the extent of the plaintiff's injuries.

The main witnesses in this case were, of course, the plaintiff who testified to how he felt; Doctor Sidney J. Heeley, who testified through a deposition on behalf of the plaintiff; and Doctor Carl S. Alfred, who testified on behalf of the defendant.

In consideration of a motion for a new trial, a Court will not grant one unless it is reasonably clear that prejudicial error has crept into the record, or that substantial justice has not been done. In evaluating a motion for a new trial, the trial judge must evaluate all significant evidence, deciding in the exercise of his own best judgment whether the jury has so disregarded the clear weight of the credible evidence that a

**340**

new trial is necessary to prevent injustice.[1] In evaluating the evidence in this case we have the testimony of the plaintiff as to how he feels, and we have the testimony of a physician on behalf of the plaintiff, and an orthopedic specialist on behalf of the defendant. There is no question that there is a sharp conflict of opinion between the general practitioner and the specialist. The jury by its verdict accepted the testimony of the general practitioner and rejected the testimony of the specialist.

The issue in this case is should a new trial be granted when the testimony of the specialist is contrary to that of the general practitioner even though in law they both are recognized as experts. The law we know does not draw such a fine distinction and say that a general practitioner may not testify and a specialist may. See Sher v. De Haven, 91 U.S.App.D.C. 257, 199 F.2d 777, 782. If the law does not draw such a fine distinction in permitting witnesses to testify should the Court draw such a fine distinction in granting a new trial?

The Court of Appeals as we have already pointed out directs the District Court in consideration of such motions for a new trial to exercise its best judgment as to whether or not the jury has disregarded the clear weight of the credible evidence. Note should be taken that the Court of Appeals does not say that we should exercise our best judgment as to what the verdict should be, but whether the jury has disregarded the clear weight of the credible evidence. Is the testimony of Dr. Heeley credible, that is the question.

Dr. Heeley testified that he was the Nickel Plate Railroad physician, and that he was the examining physician in the area in which plaintiff was employed, and that he was designated as the doctor that the men are to go to when they are injured. No attack was made on his standing as a medical expert at the time his deposition for use at the trial was taken.

No objection was made to the introduction of his testimony at the trial. He testified that the plaintiff had a protruding intervertebral disc. (Record pp. 66 and 67). The doctor further testified that the cause of the plaintiff's contention was the injury of September 22, 1958, which was aggravated by another accident in 1960. He felt that traction would relieve his discomfort for a short period of time, but the prognosis for the future was continuous back pain; and that the only possible correction would be surgical procedures, but these could not necessarily guarantee him correction, but was a means that could be helpful. However, he felt that if there was a spinal fusion he would have a disability because he could not work as a brakeman, he could not get off of a moving car, and would be partially disabled as a conductor.

Dr. Alfred testified for the defendant, and there is little doubt that he is an experienced orthopedic surgeon. He indicated that he had written on the subject of herniated discs, and had operated on many of them. He also pointed out why he felt that the plaintiff did not suffer any disc injury, and did not need a spinal fusion, and was not disabled. He testified about the anatomy of the spine from which counsel for the defendant argued to the jury that Dr. Heeley, who testified in behalf of the plaintiff, did not know what he was talking about. All of this was before the jury, and the jury just rejected the testimony of Dr. Alfred and accepted the testimony of Dr. Heeley. But as a matter of law and as a matter of fact, we cannot say that the testimony of Dr. Heeley was not credible under all the facts and circumstances of this case. The jury was free to accept it, and they did. We cannot grant a new trial because counsel for the defendant urges that the testimony of the specialist shows that the general practitioner was in error.

---

1. Magee v. General Motors, 213 F.2d 899 (3 Cir., 1954). Zegan v. Central Railroad Company, 266 F.2d 101 (3rd Cir., 1961).

This Court in the present posture of this case is not going to decide between the competency of these two medical experts. This, of course, does not mean that it is not up to the judge in his discretion to first decide whether the witness is qualified to express an opinion on the point involved. As stated no objection was raised as to Dr. Heeley's qualifications. Nor does it mean we are abdicating our responsibility to see that substantial justice is achieved. We have set up a procedure to handle such problems under certain circumstances by our Impartial Medical Rule. This rule was in existence at the time of this case, and defendant and its counsel knew or should have known of it. Counsel for the defendant if he felt as he has urged this Court that the testimony of Dr. Heeley could not be supported by reasonable medical authorities could have very easily asked the Court for an impartial medical examination, as he knew long in advance what would be his testimony. Procedures for this exist in this Court. In fact, we have written an opinion in the case of Gallagher v. Latrobe Brewing v. Dill Construction, 31 F.R.D. 36 (W.D. Pa.1962), amplifying this procedure.

Counsel for the defendant is an experienced practitioner, and defendant railroad has many cases pending in this Court. They know the rules and they could have resorted to them if they thought it proper in this case. They sat by and took their chances on the jury's verdict. They in effect gambled, and they lost.

■ At first blush this verdict might seem high, but the jury on legally credible evidence found that the plaintiff was disabled. He was a man only thirty-four years of age, earning between $5000 and $6000 per year. If he had a work expectancy of thirty-one more years and had loss of future earning capacity of even $3000 per year, that sum of money reduced to present worth at 4% might have mathematically justified a verdict of $52,-740 on that item alone. In addition, the plaintiff is entitled to damages for pain and suffering past, present, and future, as well as other compensable items of damages. Thus, the verdict of $68,500 cannot be deemed legally excessive. Defendant's motion for a new trial should be denied.

### ORDER

For the reasons stated in the foregoing opinion, defendant's motion for a new trial should be and hereby is denied.