C. DAVID and BERNIECE S. PETTIT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pettit v. Commissioner
Docket Nos. 6363-79; 2192-80.
United States Tax Court
T.C. Memo 1980-396; 1980 Tax Ct. Memo LEXIS 191; 40 T.C.M. (CCH) 1270; T.C.M. (RIA) 80396; September 17, 1980, Filed *191 Due to a reduction in work force, petitioner was laid off by United Airlines at its Salt Lake City operation and was offered a job at its San Francisco location. After looking fruitlessly in Salt Lake petitioner took the San Francisco job with the hope of returning to Salt Lake. He resigned after 18 months. He claimed away-from-home expenses while working in San Francisco. Held: San Francisco employment was indefinite within Court interpretation of sec. 162(a)(2) and hence his expenses nondeductible. Sales tax deduction determined. C. David and Berniece S. Pettit, pro se. Stewart C. Walz and Dan A. Lisonbee, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated February 15, 1979 respondent determined a deficiency in income taxes due from petitioners in the amount of $1,307 for their taxable year ended December 31, 1976. By letter dated January 16, 1980 respondent determined a deficiency in income taxes due from petitioners in the amount of $805 for their taxable year ended December 31, 1977.
Petitioners' petition with respect to their taxable year 1976 was assigned docket No. 6363-79. Their petition with respect to their taxable year 1977 was assigned docket No. 2192-80. These docket numbers were consolidated for trial, briefing and opinion by Order of the Court dated May 12, 1980. After concessions, the only issues for our determination are (1) whether petitioners are entitled to deduct certain claimed expenses as "traveling expenses * * * [incurred] while away from home in pursuit of a trade or business * * *," section 162(a)(2), I.R.C. 1954, and (2) whether petitioners have adequately *193 substantiated certain claimed sales tax deductions. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations of facts and exhibits attached thereto were included in the record for each docket number. The parties agreed, however, that each of these stipulations and exhibits would apply to both docket numbers. The stipulations of facts and exhibits are incorporated herein by this reference. Petitioners C. David and Berniece S. Pettit, husband and wife, filed timely joint returns of income, on the cash basis, for the two taxable years before us. At the time the petitions herein were filed petitioners resided in Hurricane, Utah. As Berniece S. Pettit is a party hereto solely by virtue of having filed jointly with her husband, petitioner as used herein shall refer only to C. David Pettit. Petitioner was a career employee of United Airlines.He worked for United Airlines for a total of approximately 33 years, retiring *194 in 1977. During the last 15 years of his employment petitioner worked as a mechanic. For a substantial number of years prior to mid-1975 petitioner had been assigned to the United Airlines facility in Salt Lake City, Utah. Petitioner considered Utah to be his home. In mid-1975, however, United Airlines reorganized and reduced the work force at its Salt Lake City facility. Due to this reorganization and work force reduction petitioner was told that he would be laid off. Prior to being laid off United Airlines offered petitioner comparable work or pay if he would move to any one of three distant cities, one of which was San Francisco, California. Petitioner declined this offer choosing to await appropriate employment in Utah close to home. Petitioner was laid off on June 13, 1975. He received full pay for the first 9 weeks thereafter. At the end of 7 months, however, petitioner had still not found a job in Salt Lake City. On February 2, 1976 petitioner accepted a work assignment from United Airlines in San Francisco, California. At that time he was 60-1/2 years of age, having been born on July 29, 1915. Petitioner could have retired voluntarily from service at any *195 time relevant hereto. However, United Airlines made the job in San Francisco available to him until he should reach mandatory retirement age, i.e., 65 (a period of approximately 5 years from the date of transfer). Mr. Pettit worked at the San Francisco job from February 2, 1976 to August 1, 1977, a period of approximately 18 months.He voluntarily resigned from United Airlines on his birthday at the age of 62. It was stipulated that, by not retiring until age 62, petitioner received a substantial increase in retirement benefits or a premium in retirement pay until the age of 65. During his period of employment in San Francisco, petitioner would fly to Salt Lake City on weekends. These flights cost him $16 round trip. Mrs. Pettit was also a career employee of United Airlines in Salt Lake City. She worked for that company for approximately 25 years prior to her retirement on September 1, 1977. Petitioner never liked the idea of working in San Francisco away from his home. Throughout the period of time petitioner was assigned to San Francisco, he continuously hoped that an opening for him would develop in Salt Lake City; none did. Finally, petitioner became tired of waiting. *196 He could tolerate the San Francisco assignment no longer. For this reason, he retired as soon as he turned 62. During 1977 petitioner acted as his own contractor in in building a home. He purchased materials relating to this construction. Petitioner claimed a $400 sales tax deduction with respect to these purchases in addition to the amount allowed under the sales tax table. Respondent disallowed the $400 deduction in full. OPINION Petitioner was a mechanic for United Airlines. He was laid of on June 13, 1975. After 7 months of fruitlessly searching for a job close to home petitioner accepted a previously offered transfer by United Airlines from Salt Lake City to San Francisco. United Airlines indicated to petitioner that the job in San Francisco would be his until the earlier of retirement age, i.e., for 5 years, or until he could promote a transfer back to Salt Lake City. Petitioner worked in San Francisco full time for approximately 18 months. At the end of that time he had still not found a job in Salt Lake City. Therefore, within days of turning 62, an age at which additional retirement benefits became payable, petitioner retired from United Airlines. Petitioner *197 claims that, during his sojourn in San Francisco, he was "away from home" within the meaning of section 162. Thus he argues that he is entitled to deduct his travel costs, meals, and lodging while in San Francisco. Respondent argues that petitioner's assignment was so indefinite as to move petitioner's tax home to San Francisco with the result that he was not "away from home" within the meaning of section 162(a)(2). Section 162(a)(2)[2] allows a taxpayer to deduct his expenses for meals, lodging, and transportation incurred while away from home in pursuit of a trade or business. Section 262 prohibits deduction of personal, living, or family expenses. As a general rule expenses such as those before us are nondeductible personal expenses. *198 A taxpayer's commuting expenses, for example, are nondeductible personal transportation expenses. Sanders v. Commissioner, 439 F.2d 296, 299 (9th Cir. 1971), cert. den. 404 U.S. 864 (1971). Further, while a taxpayer may find it expedient to eat his meals away from home because of business exigencies, this circumstance alone will not ordinarily render the costs of these meals deductible. Coombs v. Commissioner, 608 F.2d 1269, 1272 (9th Cir. 1979). There are three criteria for determining whether travel expenses are deductible: (1) the expenses must be reasonable and necessary, (2) they must be incurred "while away from home," and (3) they must be incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). In order to be deductible the expenses at issue must meet all these requirements. Daly v. Commissioner, 72 T.C. 190, 194 (1979). Respondent has, however, challenged only petitioner's claim to be "away from home." This Court has consistently defined the word "home," as used in section 162, to refer to the vicinity of the taxpayer's principal place of employment *199 and not the place where the taxpayer's personal residence is located, if the two are different. Daly v. Commissioner, supra at 195, Coombs v. Commissioner, supra at 1274. When a taxpayer maintains his place of abode as close to his place of employment as is reasonably possible, then it is likely that the courts will find that his place of domicile is his tax home. See Coombs v. Commissioner, supra at 1275. Where the taxpayer's place of abode and place of employment are separate, then the courts have developed a rule of indefiniteness in deciding whether the taxpayer has moved his tax home away from his domicile. Measured as of the time it began, Gardin v. Commissioner, 64 T.C. 1079, 1084 (1975), the courts consider whether the taxpayer's employment could be expected to terminate within a short period of time, i.e., was merely an impermanent expediency of foreseeably short duration; if the answer is in the affirmative, the assignment will be "temporary" and no shift of tax home will be found to have occurred. Peurifoy v. Commissioner, 358 U.S. 59 (1958), Tucker v. Commissioner, 55 T.C. 783, 786 (1971). *200 In such a case the taxpayer will be allowed the deduction as described in section 162(a)(2) so as to avoid the injustice of requiring him to maintain two places of abode, one purely for business purposes, without a business deduction. If, on the other hand, the taxpayer's employment in the new location is "indefinite" or permanent in nature, i.e., the taxpayer knows at the outset that there is a reasonable probability that he will be employed at the new location for a long or at least indeterminable period of time, then no deduction is allowable. Commissioner v. Peurifoy, 254 F.2d 483, 486-87 (4th Cir. 1957), revg. 27 T.C. 149 (1956), affd. per curiam 358 U.S. 59 (1958). The question is one of fact. Wills v. Commissioner, 411 F.2d 537, 540 (9th Cir. 1969). From all the facts of the case before us we are compelled to find that petitioner's post of duty in San Francisco was not temporary but was indefinite. Petitioner looked for a job for months in Salt Lake City and none appeared. Only after assuring himself that no suitable employment was open in Salt Lake City did he go to San Francisco. United Airlines indicated *201 that the San Francisco position would be his until he turned 65, i.e., for 5 years. Five years is not temporary. A reduction of work force had occurred in Salt Lake City. Only if a job were vacated by another employee would petitioner be invited back to Salt Lake City. At the time petitioner took the San Francisco assignment no such opening was in the offing. Petitioner testified that he continuously inquired of United Airlines in Salt Lake City whether a job for him would open up. Each time he was disappointed.We conclude that, measured as of the time petitioner took the San Francisco assignment, his job there was indefinite. The claimed deductions are not allowable. Finally we must determine the allowability of certain claimed sales tax deductions. In 1977 petitioner acted as his own contractor in the construction of his home. In constructing his home he was required to buy building materials and related items. The sales tax attributable to these purchases, $400, is an allowable deduction if substantiated in addition to the amount, that need not be substantiated, obtained from the sales tax table accompanying the tax return mailed to every taxpayer. The only issue is whether *202 petitioner adequately substantiated his claim for this additional amount. A number of checks written for the purpose of purchasing building materials and related items was included in the record. Also included in the record were receipts. Respondent conceded that the vast majority of these checks, as well as certain other expenditures represented by receipts, were made with respect to purchases for which a sales tax deduction would be allowable. Respondent's concessions amounted to an additional sales tax deduction of $236.86. We accept respondent's concession, hold that petitioners are entitled to the additional sales tax deduction of $236.86, and further hold that they have failed to carry their burden of proof that they are entitled to any greater amount. Decisions will be entered under Rule 155. Footnotes
1. Two other issues were conceded by petitioners: (1) certain claimed charitable contribution deductions with respect to the year 1976, and (2) certain claimed "tool and equipment" expenses with respect to the year 1977.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *.↩