ROBERT I. KYDD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kydd v. Commissioner
Docket No. 8091-81.
United States Tax Court
T.C. Memo 1983-749; 1983 Tax Ct. Memo LEXIS 39; 47 T.C.M. (CCH) 660; T.C.M. (RIA) 83749; December 15, 1983. Robert I Kydd, pro se. Byron Calderon, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $5,361.84 in petitioner's Federal income taxes for 1977. After concessions, the issues remaining in dispute are whether petitioner is entitled to deduct $7,200 as his living expenses incurred in Alaska during 1977 and whether he is entitled to deduct certain expenses incurred in 1977 in developing hunting camps in Alaska. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts is incorporated herein by this reference. Petitioner was a resident of Alaska at the time his petition herein was filed. Petitioner is a registered professional engineer and performs engineering services as an employee of or consultant to various companies. For some time prior to the year in issue, he maintained a home in Vail, Colorado, and from there he traveled to various consulting jobs in other states. *41 In 1975, for example, he was employed in Pennsylvania as a consultant for Westinghouse Corporation. In relation to that employment, he was allowed by Westinghouse $600 a month for living expenses, and he submitted expense reports in relation to that allowance to his employer. During 1976, he completed his work in Pennsylvania and returned to Colorado. When certain business ventures in Colorado were not successful, petitioner decided to attempt to secure consulting work in Alaska. On his 1977 income tax return, petitioner claimed $7,200 as living expenses, calculating that amount by multiplying the figure of $600 per month by 12 months. On or about August 9, 1977, petitioner, as lessee, entered into a 3-year lease of two hunting camps in Alaska. He paid $6,000 as consideration for that lease. Thereafter, during 1977, he incurred various expenses in relation to the hunting camps, including "set-up work that was required, cleaning up the camps and making them ready." Although he had several customers that were awaiting the camps' opening, he did not have any paying customers during 1977 or thereafter. By 1979, his efforts to operate the hunting camps had been interfered with *42 or prevented by conversion of various areas of Alaska to National Parks. OPINION Section 162(a)(2)[1] allows a deduction for ordinary and necessary expenditures for meals and lodging incurred while away from home in pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465 (1946). If the taxpayer is not "away from home," his meals and lodging expense are nondeductible personal expenses. Section 262. In general, the taxpayer's tax home for purposes of the travel expense deduction of section 162(a)(2) is his abode located in the vicinity of his principal place of business or employment. See Folkman v. United States,615 F.2d 493, 495 (9th Cir. 1980); Kroll v. Commissioner,49 T.C. 557 (1968). There are some instances when the circumstances of the taxpayer's employment require *43 him to maintain two places of abode and thereby incur additional and duplicative living expenses. In such circumstances the courts have recognized a narrow exception to the general rule and allowed deduction of living expenses, but only when the taxpayer's employment is "temporary" and not "indefinite or indeterminate." Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. per curiam 254 F.2d 483 (4th Cir. 1957), revg. 27 T.C. 149 (1956). Petitioner has not shown that the exception applies here, and his testimony as to the nature of his work in Alaska shows that it was indefinite. His prior history of treatment of expenses relating to his employment in Pennsylvania is irrelevant, because each separate employment must be considered on the basis of its own facts and circumstances. Peurifoy v. Commissioner,supra;Kasun v. United States,671 F.2d 1059 (7th Cir. 1982); Frederick v. United States,603 F.2d 1292 (8th Cir. 1979). Petitioner has not sustained his burden of proving that he was away from home and therefore entitled to deduct his living expenses under section 162. Welch v. Helvering,290 U.S. 111 (1933); *44 Rule 142(a), Tax Court Rules of Practice and Procedure. It is thus not necessary for us to decide whether he has substantiated expenses of $7,200 under section 274(d).To do so, of course, he would have to produce "adequate records" and satisfy the other requirements of section 274(d); his estimate of $600 per month, whether or not reasonable, could not be accepted. Section 274(d)(1); section 1.274-5, Income Tax Regs.; see Sanford v. Commissioner,50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). With respect to petitioner's expenses for development of the hunting camps, his testimony shows that they were in the nature of setup or "preopening expenses" and were not deductible during 1977 because the camps had not opened for business. Hoopengarner v. Commissioner,80 T.C. 538, 540 (1983), on appeal (9th Cir., Sept. 21, 1983); Bennett Paper Corp. v. Commissioner,78 T.C. 458 (1982), affd. 699 F.2d 450 (8th Cir. 1983); Goodwin v. Commissioner,75 T.C. 424, 433 (1980), affd. without published opinion 691 F.2d 490 (3d Cir. 1982). *45 [2] We express no opinion as to the tax consequences of events occurring subsequent to 1977, such as the effect of section 183, cited in respondent's trial memorandum.[3]
Petitioner has conceded in the stipulation that he is not entitled to the other deductions disallowed by respondent in the notice of deficiency. Therefore, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. See also Swigart v. Commissioner,T.C. Memo. 1980-379, and Graybeal v. Commissioner,T.C. Memo. 1979-506↩, both of which involved development of camp grounds. 3. Similarly, we need not consider the effect of section 195, permitting amorization of certain startup expenditures, effective in taxable years ending after July 29, 1980.↩