JOHN C. BANEKATIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Banekatis v. Commissioner
Docket No. 46191-86.
United States Tax Court
T.C. Memo 1988-474; 1988 Tax Ct. Memo LEXIS 487; 56 T.C.M. (CCH) 376; T.C.M. (RIA) 88474; September 28, 1988. Edward Rappaport, for the petitioner. Gerlad A. Thorpe and Karen A. Holmes, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiences of $ 1,183 and $ 4,952 in petitioner's 1983 and 1984 Federal income tax liability. After concessions, the sole issue for decision is whether petitioner's employment during 1983 and 1984 was temporary or indefinite. FINDINGS OF FACT Many of the facts have been stipulated, and the facts set forth in the stipulation and attached exhibits are incorporated in our findings by this reference. Petitioner resided in Amsterdam, New York, when he filed his petition. At all material times, petitioner was a journeyman plumber/steamfitter and *488 a member of Local 128 of the Plumbers & Steamfitters Union (Local 128), Schenectady, New York. From October 2, 1972, through January 14, 1983, petitioner was continuously employed by the General Electric Company (GE) in Schenectady, New York. Petitioner was laid off by GE and was unemployed during the period January 15 through October 5, 1983. Petitioner retained 5-year recall rights, however, entitling him to priority for reemployment with GE in Schenectady. Plumbers such as petitioner generally obtain employment through their union local. When employment cannot be found through their own local, however, they are referred to other union locals. When the petitioner was unable to find work in the Schenectady area, Local 128 sent petitioner to work for ITT Grinnell Industrial Piping, Inc. (ITT) at the Nine Mile 2 Nuclear Power Plant in Oswego, New York. Petitioner began employment with ITT is Oswego on October 6, 1983, after being told by his business agent that the job would last 23 months or less, and worked in Oswego until October 4, 1985. During the time that he was employed by ITT in Oswego, petitioner maintained business contacts with the business agent of Local 128 *489 in Schenectady. In September 1985, petitioner received a notice of recall to employment from GE, and he subsequently resumed his employment with GE in Schenectady on November 11, 1985. During 1983 and 1984, while employed by ITT in Oswego, petitioner continued to rent premises in Amsterdam, New York, which were owned by his father. Although the distance between Amsterdam, petitioner's residence, and Schenectady, GE's location, is approximately 15 miles, the distance between Amsterdam and Oswego, ITT's location, is approximately 142 miles. Therefore, while he was employed by ITT, petitioner also rented lodging approximately 21 miles from the Oswego work site. He incurred and paid travel expenses with respect to this employment in the amounts of $ 2,534 and $ 13,491 during 1983 and 1984, respectively. Petitioner was familiar with the guidelines set forth in Rev. Rul. 83-82, 1983-1 C.B. 45, [1] and took them into consideration before accepting employment with ITT in Oswego. Similarly, before accepting the Oswego assignment, petitioner understood the 1-year presumption of indefinite employment adopted by the Internal Revenue Service and he thought he could demonstrate *490 the necessary factors to rebut this presumption. *491 Respondent determined that petitioner's job at ITT in Oswego was indefinite, not temporary, and accordingly disallowed the travel, meal, and lodging expenses claimed by petitioner on his 1983 and 1984 tax return. OPINION A taxpayer cannot deduct the expenses of traveling to or living at his place of employment unless the traveling is required by the circumstances of his employment rather than by his "personal conveniences and necessities." Commissioner v. Flowers,326 U.S. 465, 474 (1946); sections 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs. "If, for personal reasons, one chooses to live far from the place of employment, the resulting travel costs are nondeductible, personal expenses." Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982). In some circumstances, the courts have recognized a narrow exception to the general rule denying deductibility of travel expenses. This exception applies when the taxpayer's employment is "temporary" and not "indefinite or indeterminate." Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. per curiam 254 F.2d 483 (4th Cir. 1957), revg. 27 T.C. 149 (1956); *492 Tucker v. Commissioner,55 T.C. 783 (1971). If the exception applies, job related travel and living expenses may be deductible under sections 162(a) [2] or 162(a)(2). Six v. United States,450 F.2d 66, 69 (2d Cir. 1971). The determination of whether employment is temporary or indefinite is a question of fact, Peurifoy v. Commissioner, 358 U.S. at 761, as to which petitioner has the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. "No single element is determinative of the ultimate factual issue of temporariness and there are no rules of thumb, durational or otherwise." Norwood v. Commissioner66 T.C. 467, 470 (1976). Both respondent and petitioner rely on the guidelines set forth in Rev. Rul. 83-82, 1983-1 C.B. 45, in determining whether employment is temporary or indefinite. Revenue rulings are not authority binding on this Court. Estate of Lang v. Commissioner,64 T.C. 404, 406-407 (1975), affd. on this issue 613 F.2d 770, 776 (9th Cir. 1980). *493 We may, however, adopt the reasoning in them. Neuhoff v. Commissioner,75 T.C. 36, 46 (1980), affd. 669 F.2d 291 (5th Cir. 1982). Based on the unique facts and circumstances present in this case, we conclude that petitioner's Oswego assignment was temporary employment. Specifically, petitioner has demonstrated that he realistically expected his employment with ITT in Oswego to last less than 2 years. Petitioner was unemployed for approximately 9 months and accepted the job in Oswego only after failing to find employment in the Schenectady area. Petitioner was hired by ITT in Oswego specifically to work on the piping system at the Nine Mile 2 Nuclear plant, and he understood that his job would end when the piping system was completed. Before accepting the Oswego job, petitioner was informed by union officials of both the union local in Schenectady and the union local in Oswego that the ITT assignment was expected to last less than 2 years. In fact, petitioner's job with ITT in Oswego did end after almost 2 years, petitioner did resume his former employment with GE in Schenectady. Petitioner's claimed tax home in Amsterdam was his regular place *494 of residence before, during, and after his temporary employment in Oswego. During the course of his employment in Oswego, petitioner remained a member of Local 128 and continued to maintain business contacts with representatives of his union local in Schenectady. Petitioner also incurred duplicate living expenses that resulted from maintaining his permanent home in Amsterdam while temporarily renting lodging in Oswego near the ITT work site. Petitioner's father continued to reside in and maintain the Amsterdam residence during the time petitioner was employed in Oswego. On the basis of the entire record, we conclude that petitioner's employment with ITT in Oswego during 1983 and 1984 was temporary and that his expenses for meals, lodging, and travel away from his home are deductible. Decision will be entered under Rule 155.
Footnotes
1. In Rev. Rul. 83-82, 1983-1 C.B. 45, 46, the Internal Revenue Service takes the following position: If a taxpayer anticipates employment to last for 1 year or more and that employment does, in fact, last for 1 year or more, there is a presumption that the employment is not temporary but rather is indefinite, and that the taxpayer is not away from home during the indefinite period of employment. * * * However, under certain circumstances this 1-year presumption of indefiniteness may be rebutted where the employment is expected to, and does, last for 1 year or more, but less than 2 years. * * * To rebut the 1-year presumption of indefiniteness with respect to employment that lasts for 1 year or more but less than 2 years, the taxpayer must clearly demonstrate by objective factors that the taxpayer realistically expected that the employment in issue would last less than 2 years and that the taxpayer would return to the claimed tax home after the job terminates. In addition, the taxpyaer must show that the claimed tax home is the taxpayer's regular place of abode in a real and substantial sense. * * * Rev. Rul. 83-82 also provides some additional factors the taxpayer can use to show that the claimed tax home is his regular place of residence. These include: (1) that the taxpayer used the tax home as his residence while working in that location immediately prior to the temporary employment; (2) that the taxpayer maintained business contacts in the location of the tax home during the temporary employment; (3) that the taxpayer incurred duplicate living expenses as a result of the temporary employment; and (4) that members of the taxpayer's family resided at the tax home during his absence or that the taxpayer continued to use the tax home frequently for lodging during the temporary employment. ↩
2. All section references are to the Internal Revenue Code as amended and in effect during the years in issue, except as otherwise noted. ↩