ALOIS JOSEPH WEIDEKAMP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58889.    Filed October 10, 1957.

*George J. Pfeiffer, Esq.,* for the petitioner.
*A. Jesse Duke, Jr., Esq.,* for the respondent.

## OPINION.

BLACK, *Judge:* The petitioner, a parimutuel calculator at race-tracks, is a native of Louisville, Kentucky, and maintained a residence there. He worked at Churchill Downs Race Track in Louisville for 38 days each year, 19 days in the spring and 19 days in the fall, which was the extent of the racing season there. While working at Churchill Downs he would arrange employment for the summer and winter seasons with officials of other racetracks who usually attended the Churchill Downs meet. He was employed at three or four different racetracks away from Louisville for 293 days during each of the years 1952 and 1953. Petitioner deducted $3,032.92 from his gross income for each year as "traveling expenses while away from home [Louisville] in pursuit of trade or business."[3] These amounts were computed by taking travel (between Louisville and other places of

---

[3] SEC. 22. GROSS INCOME.

(n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

 *  *  *  *  *  *  *

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging

employment, viz, Hamburg, New York, Batavia, New York, and West Palm Beach, Florida) at 7 cents per mile and meals and lodging at $9 per day (for the 293 days away from Louisville).

The respondent disallowed the entire amount in each year, determining that the claimed expenses were not incurred while "away from home," and, also, for lack of substantiation. Respondent, in his opening statement at the hearing, took the position that the petitioner's home for the purpose of section 23 (a) (1) (A) was wherever he happened to be employed, relying on *Wilson John Fisher*,[4] 23 T. C. 218 (1954), affd. (C. A. 7, 1956) 230 F. 2d 79. On brief, the respondent has modified his position. He agrees that petitioner had a home within the meaning of section 23 (a) (1) (A), but contends that petitioner's home was West Palm Beach, Florida, the place where he was employed the greatest number of days during each of the years involved, rather than Louisville, Kentucky. Respondent agrees that, insofar as substantiated, the cost of travel from his "home" to his other places of employment and the cost of meals and lodging while there are deductible.

Thus, the question here, aside from the substantiation question which will be discussed later, is whether the petitioner's home was in Louisville, where he maintained his residence and where he spent about 72 days, including 38 days working, or was it in West Palm Beach, where he was employed for about 4 months in each year.

In *James E. Peurifoy*, 27 T. C. 149 (1956), the taxpayers, construction workers, maintained a residence at a particular place, belonged to a local union at or near their residence, and obtained employment through that union. They worked at various job sites both at or near their residences, and at distant points. There was no particular place where they principally had employment. They returned to their residences at the completion of a job. The three taxpayers were employed at a distant job site for 20½ months, 12½ months, and 8½ months, respectively, portions of which fell within the taxable year. The question involved was whether the cost of

---

while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *

[4] The *Fisher* case involved a professional musician, a native of Milwaukee, Wisconsin, who performed in hotel dining rooms and cocktail lounges throughout the country. His family lived, and had their place of abode, wherever petitioner happened to be working. Petitioner paid part of the telephone bill at his mother-in-law's apartment in Milwaukee, and maintained a mailing address and voted there. We held that petitioner, while away from Milwaukee, was not away from "home."

transportation between the residences and the job sites and the cost of meals and lodging while at the job site constituted traveling expenses incurred while away from home in pursuit of trade or business under section 23 (a) (1) (A). We noted that the situation was not one where the taxpayer, for personal reasons, maintains his residence at a place other than that of his actual employment. We held that employment at the distant job site was no different from the other jobs which formed the general pattern of the taxpayers' employment and that it was temporary, rather than indefinite, in duration. Being temporary, it would not be reasonable to expect the taxpayers to shift their residences to the place of employment or to regard the distant post as their "home" for tax purposes. We, therefore, concluded that the expenses in question were properly deductible as traveling expenses.

A situation comparable to that involved in *Peurifoy*, *supra*, is present here. Since the racetrack at his residence only operated for a short time each year petitioner sought employment at other tracks. He was not principally employed at any one place. Each job was temporary. The only distinction is the fact that petitioner knew in advance how long he was to be employed at each post, while in *Peurifoy* the taxpayers did not usually know in advance the length of time they would be employed at any job. We do not regard that distinction as material. We think that here, as in *Peurifoy*, the petitioner could not reasonably be expected to move his residence from Louisville to West Palm Beach, Florida, because of his employment there (West Palm Beach) for about 4 months (120 days in 1952 and 110 days in 1953) during each of the 2 years involved. Accordingly, we think that petitioner's traveling expenses away from Louisville are deductible under section 23 (a) (1) (A).

The next question is the amount of traveling expenses incurred away from Louisville. Petitioner did not submit in evidence detailed records of his expenditures and it appears that he did not keep such records. Petitioner, having traveled to and from his other places of employment by automobile, estimated his travel expenses at 7 cents per mile. We are satisfied from the record that that amount is reasonable and that petitioner expended at least that amount for automobile travel.

In regard to the expense for meals and lodging we do not think the record substantiates the petitioner's estimate of $9 per day. Petitioner testified that meals ranged from $4.50 to $5 per day and that lodging was $15 to $20 per week while at Hamburg and Batavia but more expensive in Florida. "Bearing heavily * * * upon the taxpayer whose inexactitude is of his own making," *Cohan* v. *Commis-*

*sioner*, (C. A. 2, 1930) 39 F. 2d 540, 544, we think that $8 per day is the amount petitioner expended for meals and lodging.

We have computed the petitioner's traveling expenses (including meals and lodging) in our Findings of Fact, which amount should be used in a recomputation under Rule 50.

*Decision will be entered under Rule 50.*