T.C. Summary Opinion 2007-59


UNITED STATES TAX COURT


JASON EMANUEL AYALA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6369-06S.                    Filed April 23, 2007.


Jason Emanuel Ayala, pro se.

<u>Derek W. Kaczmarek</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable years in issue.

other court, and this opinion shall not be treated as precedent for any other case.

Jason Emanuel Ayala (petitioner) received a notice of deficiency in which respondent determined: (1) Deficiencies in income taxes for 2002, 2003, and 2004 of $2,079, $3,305, and $4,559, respectively, and (2) accuracy-related penalties under section 6662(a) for negligence or intentional disregard of rules or regulations of $416, $661, and $912, respectively. The deficiencies arose from respondent's disallowance of claimed employee business expenses. We are asked to decide whether petitioner may deduct those expenses under section 162(a)(2). This requires that we decide whether petitioner was "away from home" when he incurred the expenses. If we sustain respondent's determination, we are also asked to decide whether petitioner is liable for the accuracy-related penalties.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner's mailing address at the time he filed his petition was in Las Vegas, Nevada.

Petitioner is employed by Sheehan Pipeline Construction Company (Sheehan) as a truck driver, and he travels all over the country delivering materials for Sheehan's pipe-laying projects.

When one project is completed, he is usually assigned a new project immediately.  Projects can last anywhere from a few weeks to several months.  During the years at issue, petitioner worked on several back-to-back projects.

When he is traveling for work, petitioner tries to find hotel accommodations that offer weekly rates to keep his expenses down.[2]

When he is not on the road, petitioner stays with his family in Vallejo, California.  He does not maintain a separate apartment or household, and he does not pay rent at his family's home.  Although he does contribute money towards food and the like when staying in Vallejo, he does not have any regular household maintenance expenses.  As he does not have a home of his own, petitioner keeps many of his possessions at his family's home.

Because petitioner travels frequently and has to receive mail somewhere, his mailing address is that of a mail service which forwards his mail to him wherever he happens to be. Similarly, because he does not reside anywhere for any length of time, he is not registered to vote.[3]

---

[2]  Petitioner did not generally receive a per diem or other expense reimbursement from Sheehan while working.

[3]  Further demonstrating how much ground petitioner covers is the fact that his commercial driver's license was issued by the State of Texas, and his personal automobile is registered in

(continued...)

Petitioner and respondent primarily disagree on whether the house in Vallejo, California, is petitioner's "tax home" and consequently, whether petitioner's travel expenses incurred while working for Sheehan are deductible under section 162(a)(2) as expenses incurred in pursuit of a trade or business while away from home.

## Discussion[4]

### A.  Section 162(a)(2)

Generally, outlays for food and shelter are considered personal expenses and are not deductible.  Sec. 262.  However, section 162(a)(2) allows a deduction for traveling expenses, including amounts expended for meals and lodging, if the expenses are:  (1) Ordinary and necessary, (2) incurred while "away from home", and (3) incurred in pursuit of a trade or business.  See Bochner v. Commissioner, 67 T.C. 824, 827 (1977).  Respondent contends that petitioner was not "away from home" when he incurred the expenses and thus that petitioner does not satisfy the second factor for deductibility of the expenses claimed on his Federal income tax returns for the years in issue.

---

[3](...continued)
Nevada.

[4]  Given the manner in which these issues were presented to the Court, we make our decision as to both the deficiencies and additions to tax without regard to the various burdens of proof under sec. 7491.

As a general rule, a taxpayer's principal place of employment is the taxpayer's "tax home". Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). An employee without a principal place of business may treat a permanent place of residence at which the employee incurs substantial continuing living expenses as his or her tax home. Weidekamp v. Commissioner, 29 T.C. 16, 21 (1957). Where "the taxpayer has neither a principal place of business nor a permanent residence, he has no tax home from which he can be away. His home is wherever he happens to be." Barone v. Commissioner, 85 T.C. 462, 465 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986).

Although the subjective intent of a taxpayer is to be considered in determining whether the taxpayer has a tax home, for purposes of section 162(a)(2), this Court and others have consistently focused more on objective criteria. Section 162(a)(2) is intended to mitigate the burden of a taxpayer who, because of the travel requirements of his or her trade or business, must maintain two places of abode and, therefore, incur additional living expenses. Brandl v. Commissioner, 513 F.2d 697, 699 (6th Cir. 1975), affg. T.C. Memo. 1974-160; Kroll v. Commissioner, supra at 562. In other words, section 162(a)(2) is intended to provide relief to a taxpayer who incurs "substantial continuing expenses" of a home that are duplicated by business travel. See James v. United States, 308 F.2d 204, 207-208 (9th

Cir. 1962); <u>Kroll v. Commissioner</u>, <u>supra</u> at 562. When a taxpayer continuously travels for work and does not have substantial, duplicative, continuous living expenses for a permanent home maintained for some business reason, the taxpayer has no tax home. <u>Henderson v. Commissioner</u>, 143 F.3d 497, 499 (9th Cir. 1998), affg. T.C. Memo. 1995-559; <u>James v. United States</u>, <u>supra</u>.

Most significantly in this case, petitioner bore no expenses in maintaining a home. Notwithstanding his visits to his family's home in California and financial contributions during those periodic visits, petitioner bore no duplicative living expenses. He did not make mortgage payments, pay regular utilities costs, or regularly pay for running a household. Petitioner's costs on the road, while they may have been substantial, were not redundant, and thus petitioner was not "away from home" within the intent and meaning of section 162(a)(2) for the taxable years at issue. <u>Barone v. Commissioner</u>, <u>supra</u> at 465; <u>Wirth v. Commissioner</u>, 61 T.C. 855, 858-859 (1974). In short, petitioner's tax home was wherever he happened to be. See <u>Brandl v. Commissioner</u>, <u>supra</u>. Accordingly, petitioner is not entitled to deduct the expenses claimed on his returns for the years at issue.

B. <u>Section 6662(a)</u>

Section 6662(a) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to negligence or

disregard of the rules or regulations.  Sec. 6662(b)(1).

"'[N]egligence' includes any failure to make a reasonable attempt to comply with the [Internal Revenue Code], and the term 'disregard' includes any careless, reckless, or intentional disregard."  Sec. 6662(c).

Petitioner does not have a bank account, and his credit cards are billed to his father.  Petitioner's mother assists him by handling his finances and acting as his bookkeeper.  Working for Sheehan is the first job he has had, and petitioner often pays taxes in several states in addition to his Federal income tax.  He strikes us as a hardworking young man who does his best to comply with his tax responsibilities.

Given the facts presented in this case, as well as petitioner's honest and straightforward testimony, we are convinced that the reasonable cause and good faith provisions of section 6664(c)(1) are applicable here.  Accordingly, we decide in favor of petitioner on this issue.

C.  Conclusion

We find that petitioner's family's home in Vallejo was not his tax home for Federal tax purposes during the years in issue. Rather, his tax home was wherever he happened to be, and consequently, petitioner had no home from which to be away for purposes of claiming deductions for travel expenses under section 162(a)(2).

To reflect our disposition of the disputed issues,

> <u>Decision will be entered</u>
> <u>for respondent as to the</u>
> <u>deficiencies in income taxes and</u>
> <u>for petitioner as to the accuracy-</u>
> <u>related penalties</u>.